DAWSON *et al.*, *vs.* THE MERCHANTS' & PLAN-
TERS' BANK.

1. It is not error in the Court to refuse an injunction of executions on such facts alleged in the bill as would not constitute a defense to the original suit on which the judgments were had, from which the executions issued.

2. When the sheriff alleges as an excuse for not making the money on executions placed in his hands for collection, that the defendants notified him of their intention to file a bill to enjoin the executions, and he thought the bill would be sanctioned: such showing is not a good excuse. The sheriff is in contempt, and the rule is properly made absolute against him.

Rule against Sheriff, from Sumter county. Decided by Judge ALLEN, at April Term, 1860.

Samuel Dawson, Sheriff of Sumter county, was called on by rule *ni si* to show cause why he should not pay to the defendant in error the principal and interest due on a *fi. fa.* in favor of The Merchants' & Planters' Bank against John V. Price, principal in said *fi. fa.*, and Thomas C. Sullivan, security on stay, which had been in his hands for collection.

John E. Sullivan, John V. Price and Thomas C. Sullivan came forward, on the hearing, and asked leave of the Court to be made parties defendants to said rule, and insisted that said rule ought not to be made absolute for the reasons set forth in a bill in equity then in Court, and which bill was, in substance, as follows:

John C. Sullivan, Thomas C. Sullivan and John V. Price, complainants, alleged that on the 5th day of February, 1858, said John E. made his promissory note for $1,698 06, payable to the order of said Price sixty days after date, at The Merchants' & Planters' Bank of Savannah, which was endorsed by said Price for the accommodation of the maker. On maturity, said note was sued to judgment in the name of said bank. There was a stay of the *fi. fa.*, on which said Thomas C. Sullivan became the security. The maker and endorser had been sued to judgment in separate actions, and at the April Term, 1860, a rule absolute was had against the said Dawson, sheriff, for failure to make the money due on the *fi. fa.* founded on the judgment against said John C. Sul-

livan. The complaint alleged, that since said judgments and rule absolute were obtained, they have been informed that said bank had no title to or interest in said note; but that it really belonged to Patten, Hutton & Co., of Savannah, who, they charged, had fraudulently caused the suit to be brought in the name of said bank, to prevent the maker and endorser thereof from setting up certain legal and equitable defenses thereto, and that said complainants never ascertained or had any knowledge of this fact until the 13th day of April, 1860. They alleged, further, that said Patten, Hutton & Co. were engaged in 1856 and '57, as warehouse and commission merchants and cotton factors, in Savannah, Georgia, and that in order to get the patronage of said John C., who was about to engage in the business of buying and selling cotton at Americus, they agreed, in consideration that he would send them all his cotton to Savannah for sale, they would perform all the duties and assume all the liabilities of consignees towards him; and in pursuance of such agreement, he purchased large quantities of cotton and shipped the same to them, said cotton amounting to about one thousand bales; that said Patten, Hutton & Co. sold the most of said cotton as soon as they received it, and long before the maturity of the bills drawn thereon, thus depriving him of the benefit of the rise in the cotton market, and that they sold said cotton at least half a cent under the market price, and in disregard of his rights in the premises; that they pursued their course either to meet their own large pressing liabilities or to defraud him, and that he had thereby been injured and damaged three thousand dollars; the note was given as a part of said cotton transactions, but not as a final settlement betwen the parties.

The prayer of the bill was for discovery, account, etc., and for an injunction to restrain the proceedings at law.

The parties aforesaid further insisted, that the foregoing facts being true, that said bank having no interest in said judgments; that Patten, Hutton & Co. being indebted to said John C as above stated, the rule ought not to be made absolute. It was represented that said bill for injunction, etc., had been presented to the Court for sanction, which had been refused, and that they had thereupon filed their bill of exceptions for a hearing before the Supreme Court. They

asked leave of the Court to make up an issue to try the question as to the ownership of said judgments.

The motion to make defendants in said judgments parties to said rule, was refused by the Court.

The sheriff, Dawson, then showed for cause the facts stated in said bill, and that being about to proceed to make the money on said *fi. fas.* by levy and sale, defendants therein notified him that the said *fi. fa.* was the property of Patten, Hutton & Co., and not of said bank; that said *fi. fa.* was in fact paid, and that they intended to file a bill to enjoin the collection of the same, and he supposed the injunction was granted until informed by defendants' attorneys to the contrary; that he acted in good faith in the matter, and failed to execute the process because he supposed the injunction would be granted on the representation of the foregoing facts.

The rule was made absolute and defendants excepted.

HAWKINS, for plaintiffs in error.

SCARBOROUGH, *contra.*