(Decided March 26th, 1878.)

SAMUEL McCORMICK *vs.* JOHN HOGAN. SAMUEL McCORMICK *vs.* THE NORTHERN CENTRAL RAILWAY COMPANY, Garnishee of JOHN HOGAN.

*Omission in a Narr. to claim a Specific sum as Damages—What required of Applicant to have a Judgment stricken out after the Term is past—When Judgment will not be stricken out.*

Where a declaration contains counts for goods bargained and sold, for work done and materials provided, and the common money counts, but fails to claim a specific sum as damages, such defect is fatal, if availed of at the proper time; but the right to take advantage of it may be lost by laches and neglect.

In deciding upon an application to strike out a judgment after the term is past, for fraud, irregularity, deceit or surprise, the Court acts in the exercise of its *quasi* equitable powers, and in every such case requires the party making the application, to act in good faith and with ordinary diligence; and relief will not be granted if he has knowingly acquiesced in the judgment complained of, or has been guilty of laches and unreasonable delay in seeking his remedy.

APPEALS from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The causes were submitted to BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Thomas A. Hopkins,* for the appellant.

*John R. Kenly,* for the appellee, Hogan.

MILLER, J., delivered the opinion of the Court.

The record in these appeals shows that McCormick brought an action of *assumpsit* against Hogan in the Court of Common Pleas, on the 8th of December, 1875. The defendant was summoned, and on the return day of the writ appeared *in propria persona,* and was laid under rule plea. On the 28th of April, 1876, a judgment by default for want of a plea was entered against him, and on the same day was extended, on proof submitted to the Court, for the sum of $162.60 with interest from date, and costs. On the 9th of May following, the plaintiff sued out an attachment by way of execution on this final judgment, which, on the next day was laid in the hands of the Northern Central Railway Company, as garnishee. On the 22nd of August following, the defendant by his attorney moved to "quash this attachment and to strike out the judgment rendered therein." The record does not show that at that time any judgment had been rendered in the attachment case, and we must therefore treat this motion simply as a motion to quash the writ of attachment. But if, as stated in the appellant's brief, a judgment of condemnation *nisi* had been entered on the 14th of May, 1876, the motion to strike out must by its terms apply to that judgment only. This motion the Court overruled, and on the 12th of March, 1877, the garnishee filed in the attachment case a confession of funds of the defendant in its hands to the amount of $171.15, and this confession the plaintiff accepted and moved that a condemnation be entered for that amount, but no such judgment appears by

the record to have been entered. Afterwards, on the 21st of May, 1877, the defendant filed two motions, one in the original case to strike out the judgment rendered therein, and the other in the attachment case to quash the attachment. The Court granted both motions, and struck out the original judgment and quashed the attachment. From each of these orders, the plaintiff has appealed.

No reasons in support of either motion were filed in the Court below, and the only ground upon which, in argument here, the action of that Court is sought to be sustained, is that the declaration fails to claim any specific sum for damages. It contains counts for goods bargained and sold, for work done and materials provided, and the common money counts, and concludes thus: " and the plaintiff claims $———" This is unquestionably a defect that would have been fatal had it been availed of at the proper time. But we are very clearly of opinion the defendant has lost the right to take advantage of it by his own *laches* and neglect. In deciding upon an application to strike out a judgment after the term is past, for fraud, irregularity, deceit or surprise, the Court acts in the exercise of its *quasi* equitable powers, and in every such case requires the party making the application to act in good faith, and with ordinary diligence. Relief will not be granted if he has knowingly acquiesced in the judgment complained of, or has been guilty of *laches*, and unreasonable delay in seeking his remedy. This principle pervades all the cases, and has been reiterated and reaffirmed in each of them in the plainest and strongest terms. *Kemp vs. Cook,* 18 *Md.,* 130; *Montgomery vs. Murphy,* 19 *Md.,* 576; *Tiernan vs. Hammond,* 41 *Md.,* 548; *Sarlouis vs. Firemen's Ins. Co.,* 45 *Md.,* 241; and *Craig vs. Wroth,* 47 *Md.,* 281. Here the motion was not made until more than a year after the judgment, and not until after the lapse of at least three terms of the Court, in which it was rendered. This delay is not only entirely unexplained,

but the record shows actual knowledge on the part of the defendant of this judgment, and acquiescence therein during most of this period. The declaration with this defec in it, was filed when the summons was issued, and wast therefore on record in the case when the defendant appeared to the suit in proper person. He not only failed then to take advantage of it by demurrer or otherwise, but suffered a judgment by default to go against him for want of a plea or any defence to the action, and allowed that judgment to be extended by the Court without interposing any objection. Afterwards, when the attachment was issued, he appeared by counsel, and instead of then attacking this judgment, he simply moved to quash the attachment and to set aside the supposed judgment in the attachment case. For this motion he assigned no reason, and when it was overruled he took no appeal; and it was not until nearly nine months afterwards, that he attempted to assail this judgment by making a motion to strike it out. In some of the cases referred to, there was the lapse of a much longer period—of many years in some instances—but in all of them, in which relief was granted, the delay was fully explained by clear and satisfactory proof, and all imputation of acquiescence with knowledge of the judgment removed. In no case has relief been granted, where the delay has been unexcused and unexplained, or where acquiescence with knowledge has been so palpable as in this case, and we cannot set a precedent for thus interfering with the solemn judgments of courts of record.

It follows there was error in setting aside this judgment, and in quashing the attachment issued thereon. Both orders are reversed and the causes remanded.

*Orders reversed, and*
*causes remanded.*

(Decided 26th March, 1878.)