## P. D. THOMPSON, PLAINTIFF IN ERROR, V. WILL E. SHARP, DEFENDANT IN ERROR.

1. **Judgment:** VACATING: TRIAL. In proceedings under sections 602 and 603 of the civil code to vacate a judgment rendered at a previous term of court, if errors of fact are alleged issue may be joined and a trial had. In such case the court must first pass upon the grounds to vacate the judgment. If sufficient is shown, the court must next enquire into the cause of action or defense. Both issues being found in favor of the petitioner, the judgment should be vacated and a new trial granted, but not otherwise.

2. ———: ———: ———. In case the defendant in such proceeding, being in court and resisting the application, fails to controvert the allegations of fact in the petition they should be treated as admitted, and if sufficient is alleged to warrant the vacation of the judgment it is not error for the court to decide the matter upon the facts so alleged and admitted to be true without the formality of a trial.

3. ———: CONSTRUCTION OF STATUTE. The provisions of section 318 of the civil code are not applicable to proceedings under sections 602–3 to vacate judgments rendered at a previous term of court. They are only applicable to the causes named in section 314, when the grounds there specified could not with reasonable diligence have been discovered before the adjournment of court.

4. ———: ———: PLEADING. The allegations of the petition for vacation of a judgment rendered at a previous term examined, and *Held*, Sufficient.

ERROR to the district court for Antelope county. Tried below before TIFFANY, J.

*Thomas O'Day*, for plaintiff in error.

*R. S. Norval* and *J. S. Bennett*, for defendant in error.

REESE, J.

This is a proceeding in error to the district court of Antelope county, by which it is sought to reverse the decision

of said court whereby a judgment of a previous term of court was vacated and a new trial granted. From the transcript of the record of the district court it appears that the defendant in error filed his petition alleging the principal facts constituting his cause of action in the original cause, showing that the action was for the possession of certain personal property detained by the defendant in the action, and showing the reasons why he did not appear in court and prosecute his cause, and that without his knowledge the defendant (plaintiff in error) caused the case to be tried in his absence and procured the judgment complained of. The leading facts plead as an excuse for not prosecuting the main case were, that the plaintiff in the case resided in York county, more than one hundred miles from the place of the session of court, and that it required two days by the usually traveled route to reach the place of trial. That the plaintiff by his counsel was present at the fall term of court in 1882, but that the case not being tried they returned after making an agreement with the clerk of the court by which they were to be advised by him of such orders as might be made in reference to the time for the future terms of court, calling of juries, etc.

The time for holding the next term of court was afterwards fixed by the then judge for a day certain in the month of March, 1883. On the eighth of February, 1883, the same judge made an order, which was entered of record, dispensing with a jury for said term of court. On the seventh day of March, the judicial district having been divided and another judge having been appointed—the new district containing Antelope county—an order was made adjourning the term until the 11th day of the following April. Of all these orders the clerk gave the promised notice. On the twenty-first day of March the judge made an order requiring a jury to be drawn for the trial of causes at said term, but of this order no notice was given the plaintiff (defendant in error) by the clerk. The petition further

alleges that a jury trial was never waived by either of the parties, that the clerk was indisposed and by reason of ill health unable to attend to his ordinary duties, and failed to notify the plaintiff" or his attorneys. The plaintiff, relying upon the former order of the judge dispensing with a jury, did not attend court, and in his absence the judgment for the defendant was rendered. To this petition no answer was filed. The record of the district court recites that, "the cause came on for hearing on the petition of the plaintiff for a new trial, and there being no pleadings filed for defendant, and no evidence offered or introduced by either party, and after the argument of counsel" the petition was granted and the judgment was vacated and set aside.

The first question presented is one of practice. Proceedings of this kind must be brought under the provisions of sections 602–3 of the civil code, and if the grounds are those mentioned in section 603 a petition must be filed and a summons must issue unless waived by the opposite party. "If errors of fact are alleged, an answer may be filed as in other cases." Maxwell's Pleading and Practice (1883), 730. The court must then try and decide upon the grounds to vacate the judgment, and if sufficient is shown the validity of the defense or cause of action must be next enquired into. Sec. 605, civil code. If both are found in favor of the petitioner the judgment must be vacated. These formalities were not observed in the hearing below, and plaintiff in error insists the proceedings were erroneous. If not erroneous they were clearly irregular, but we fail to see how plaintiff in error can insist upon the error since he failed to controvert the allegations of the petition and presented no issue to be tried. He contends that this was unnecessary, and cites section 318 of the civil code in support of his position, which provides that, "The facts stated in the petition (mentioned in the section) shall be considered as denied without answer." But we are at a loss to

see how this section can apply to the case at bar. It evidently refers to the provisions of section 314, and is applicable only when the grounds thus specified could not with reasonable diligence have been discovered before the adjournment of court. It has no reference to the cases mentioned in section 602. Since no issue of fact was formed upon which a trial could be had, the court did not err in deciding the matter without a trial, the plaintiff in error choosing to submit it on the petition alone.

The next question presented is, whether or not the facts stated in the petition are sufficient to entitle the defendant in error to the relief prayed for. The provisions of the third clause of section 602 are not available in this action for the reason that this clause is not referred to nor included in section 603, which gives the remedy of which defendant in error seeks to avail himself. But if such were not the case, we are satisfied that the neglect or mistake of the clerk referred to contemplates only the *official acts* of the clerk, and not what he may agree or promise to do as the agent or for the accommodation of parties who may have causes pending in court. The defendant in error must rely upon the seventh clause of the section referred to, which provides that a judgment may be vacated "For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

From the petition we find that the clerk was, to the extent stated, the agent of defendant in error, and upon him defendant relied. That he at all times, as requested, notified defendant of the orders of the judge until the last order was made. That at that time, and after, the clerk "was indisposed, and was by reason of ill health unable to attend to his ordinary duties, and so neglected to notify" defendant in error or his attorneys of the making of said order, which otherwise he would have done.

The sickness of a party, or his family or his attorney, or of a material witness (when shown upon an unsuccessful

motion for a continuance) have uniformly been held suffi-
cient to justify a court in granting a new trial. *Horn v.
Queen*, 4 Neb., 111, and cases there cited. The clerk be-
ing the agent of defendant in error, his sickness and ina-
bility to give the promised notice must be treated the same
as though he had not been the clerk of the court. By his
sickness, which was an unavoidable casualty or misfortune,
defendant in error was prevented from prosecuting his
cause. He was acting in entire good faith. The misfor-
tune was beyond his control. The showing made by the
petition of defendant in error being wholly uncontradicted,
we cannot say the district court erred in vacating the orig-
inal judgment and granting a new trial. Its order is
therefore affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.