HARTFORD FIRE INS. CO., APPELLANT, V. MEYER ET
AL., APPELLEES.

[FILED JULY 8, 1890.]

1. **Judgment:** SUIT TO ENJOIN. In an action to enjoin a judgment upon the grounds that the plaintiff has a valid defense to the same, and that it was rendered through a breach of duty of his attorney, the facts constituting the alleged defense must be pleaded so that it may appear that on a re-examination of the case the result would probably be different.

2. **Insurance:** PROOF OF LOSS : OBJECTIONS to proof of loss on a policy of insurance must be specific and not general—as the proof or any part thereof may be waived.

3. **Review.** Upon the pleadings and proof, *held*, that the judgment was right.

APPEAL from the district court for Cass county. Heard below before CHAPMAN, J.

*J. R. Webster, E. P. Holmes,* and *S. P. Vanatta,* for appellant.

*J. B. Strode,* and *Byron Clark, contra.*

MAXWELL, J.

This is an action to enjoin a judgment rendered in the district court of Cass county. It appears from the record that in 1883 one Wm. R. Carter was engaged in the mercantile business in Cass and had his stock insured in the Hartford company for the sum of $650; that during the spring of that year, and while said policy was in full force, the goods were greatly injured or destroyed by fire; that the firm of Cook, Phillips & Wells had a chattel mortgage on said stock for the sum of $228, and after the loss they filed a petition in equity enjoining the plaintiff from adjusting the loss and paying the same to Carter or the

defendants, and praying in effect that a sufficient amount of the insurance be assigned to them to satisfy their claim. The defendants employed a firm of attorneys to defend their rights in the premises, and the plaintiff employed the senior member of said firm to protect its rights. The attorneys named procured a dissolution of the temporary injunction and on the trial of the main issue amended the defendant's answer, which was in the nature of a cross-bill, by adding "and thereupon, as by said policy of insurance required, within the time file fully verified proofs of his loss, amounting to about $650, with their agent, D. H. Wheeler, and that he complied in all respects with the conditions of said policy of insurance," and also amended the prayer, and in the answer to the petition for the injunction took judgment against the plaintiff and in favor of the defendant, as assignee of the policy, for the sum of $300. This is the judgment which is now sought to be enjoined. The grounds upon which this relief is sought, as set forth in the petition, are as follows:

"Plaintiff further avers that it had a full and complete defense to said action as against said policy of insurance and was under no obligations to repay the same; that the said Carter had obtained said policy by fraud and misrepresentations, and that said loss was not a *bona fide* loss, of all which facts they informed their said attorneys (giving names) and instructed and directed them to plead and so make appearance in said cause; that said Carter failed to furnish to said company proper proofs of said loss as required by the rules of said company and by the terms and conditions of said policy of insurance; that said insurance company was fully prepared to successfully defend said claim of said Carter of said loss and fully intended to do so, and so instructed their said attorneys."

It will be observed that there is no statement of facts showing the nature of the defense of the plaintiff against the payment of the loss. This was necessary in order to

entitle the plaintiff to relief.  Where a court of equity proceeds to set aside a judgment at law, it proceeds upon equitable considerations only.  If the judgment rendered is not inequitable as between the parties, no matter how irregular the proceedings may be, a court of equity will not interfere. (10 Am. & Eng. Ency. of Law, 898.)

It must appear that on a re-examination and retrial of the cause the result would probably be different.  (3 Pom., Eq., sec. 1364;  *Bradley v. Richardson,* 23 Vt., 720;  *Tomkins v. Tomkins,* 3 Stockt. [N. J.], 512, 514;  *Reeves v. Cooper,* 1 Beasl, [N. J. Eq.], 223;  *Dawson v. Merch., etc., Bk.,* 30 Ga., 664;  *Saunders v. Albritton,* 37 Ala., 716;  *Way v. Lamb,* 15 Ia.,79, 83;  *Stokes v. Knarr,* 11 Wis., 389;  *Payne v. Dudley,* 1 Wash. [Va.], 196;  *Sauer v. Kansas,* 69 Mo., 46;  *Lemon v. Sweeney,* 6 Ill. App., 507.)

Neither the statement of facts in the petition nor the proof is sufficient to show that the judgment is unjust or that the plaintiff had any defense to the action.  So in regard to the proofs of loss.  It is not stated wherein they are defective; nor that the plaintiff has not waived the defect.

There is testimony in the record tending to show that the plaintiff had no defense to the action and simply employed attorneys to secure a dissolution of the injunction, and that the contest was really between creditors of Carter. These were disputed questions of fact which were submitted to the trial court, and the evidence being nearly equally balanced, the judgment must be sustained.

We desire to say, however, that if the plaintiff had a defense to the action on the policy, the attorneys for the defendant, nor either of them, could consistently appear for the plaintiff and should not have done so, but in the condition of the record this fact cannot be determined.

The judgment of the district court is

AFFIRMED.

THE other judges concur.