IRENE HUGHES v. C. C. HOUSEL ET AL.

[FILED JANUARY 5, 1892.]

1. **Judgments:** VACATION: PLEADING.  When a party seeks to set aside a judgment rendered against him, which is regular on its face, on the ground that he has a meritorious defense to the action, he must plead the facts constituting such alleged defense.

2. **Fraud:** LIMITATIONS.  An action for relief on the ground of fraud must be brought within four years after the discovery of the facts constituting the fraud, or facts sufficient, if pursued, to lead to such discovery.

ERROR to the district court for Douglas county.  Tried below before GROFF, J.

*Estabrook, Irvine & Clapp*, for plaintiff in error.

*Jno. L. Webster, contra,* cited, as to the point discussed in the opinion : *Hemmer v. Wolfer,* 124 Ill., 435 ; *Turner v. Jenkins,* 79 Id., 228; *Haworth v. Huling,* 87 Id., 23; *Miller v. Handy,* 40 Id., 448 ; *Harman v. Moore,* 112 Ind., 221 ; *Rubush v. State,* Id., 107 ; *Harnish v. Bramer,* 71 Cal., 155; *Nevill v. Pope,* 95 N. Car., 346.

NORVAL, J.

Irene Hughes brought this suit in the court below against Charles C. Housel and William Hughes alleging in her petition :

" That she is the only surviving heir of Rebecca C. A. Hughes, deceased, who departed this life intestate on or about the 27th day of November, 1867, seized in fee simple of the following described real property, to-wit: Lot three (3), block one hundred and sixty-five (165), in the city of Omaha, Douglas county, Nebraska.  And plaintiff avers that as such heir she is the owner in rever-

sion of said property after the estate by curtesy of William Hughes is determined.

"But plaintiff further says, that on the 27th day of September, 1873, said defendant William Hughes, who is the father of plaintiff, brought suit against said plaintiff in this court asking that this plaintiff be declared a trustee for said William Hughes, for that the consideration of the property described herein was paid by said William Hughes, the deeds therefor being taken in the name of Rebecca Hughes, his wife.

"Plaintiff alleges that no service of process was had upon her in said suit, further than the return upon the summons issued in said case indicates, which return states that said summons was left at the usual place of residence of said defendant. But plaintiff avers that she was at the time of said service an infant under fourteen years of age, and had no usual place of residence within the meaning of the statutes, and that said service was void, and that all subsequent proceedings were without jurisdiction and void.

"Plaintiff further says that a decree was rendered in said case whereby Rebecca Hughes was decreed to be the trustee of said property for said defendant William Hughes, in pursuance of which said decree the master of said court executed a deed of said property to said William Hughes.

"Plaintiff further says that defendant Charles C. Housel claims to be the present owner of said property, and is in possession thereof, refusing to recognize the estate and interest of said plaintiff therein; but plaintiff avers that whatever interest said Housel has in said property is derived by mesne conveyance from said William Hughes, and that said Housel has an estate and interest therein during the life of said William Hughes at most.

"Plaintiff further says that she is, at the time of the bringing of this suit, twenty years of age and no older.

"Wherefore plaintiff prays that said decree, so as afore-

said rendered, may be adjudged void as against said plaintiff, and of no effect, and that the deed so as aforesaid executed by the commissioner of this court to the said defendant William Hughes may be canceled and annulled; that the plaintiff's interest and estate in said property, as heir of said Rebecca Hughes, deceased, may be established and confirmed, and for such other and further relief as in equity may seem just and conscionable."

The defendant William Hughes, for answer to plaintiff's petition, and for cause of action against the defendant Charles C. Housel, says :

"1. Admits that plaintiff is the only surviving heir of Rebecca C. A. Hughes, and that said Rebecca C. A. Hughes died intestate on or about the 27th day of November, 1867, seized in fee simple of the land described in said petition.

" 2. This defendant further admits that on the 27th day of September, 1873, he brought suit against the plaintiff as in said petition alleged; that said plaintiff was then an infant, under fourteen years of age, and that service of summons was made upon her as in said petition alleged. Defendant further admits the rendition of a decree in said cause, and the making and delivery thereunder, by a master commissioner of this court, of a deed for said lands as in said petition alleged.

" 3. Further answering, this defendant avers that on the 31st day of August, 1878, he was adjudged a bankrupt by the district court of the United States for the district of Nebraska, and that on the 25th day of September, 1878, the defendant Charles C. Housel was appointed by said court assignee of this defendant in bankruptcy. That said assignee on the 27th day of May, 1880, executed and delivered to one Benjamin F. Troxell a deed purporting to convey said premises to said Troxell, under and by virtue of a pretended sale of said premises as such assignee, and that thereafter, to-wit, on the 15th day of

48

April, 1882, said Troxell executed and delivered to said Housel a deed purporting to convey said premises to said Housel.

"4. This defendant avers that said sale to Troxell was made by said Housel fraudulently and for his own benefit; that said Housel furnished the money to said Troxell wherewith to purchase said premises; that said premises were sold to said Troxell at a grossly inadequate price, to-wit, for the price of fifty dollars, whereas said premises were at the time of said sale worth three thousand dollars or thereabouts, over and above all incumbrances; that said premises were purchased for the benefit of said Housel, and that said deed from Troxell to Housel was without consideration other than that which was the execution of a fraudulent agreement between the parties thereto, that said Troxell should purchase said premises for the use of said Housel and subsequently convey the same to him.

"Wherefore this defendant prays that the defendant Housel be decreed to hold said premises in trust for this defendant, for such estate as the court shall determine this defendant had therein at the time of said bankruptcy proceedings; that the defendant Housel be required within a reasonable time to execute and deliver to this defendant a deed for such estate in said premises, and if he fail so to do, that such deed be made by a master commissioner of this court, and for such other and further relief as equity and good conscience may require."

The defendant Housel interposed a general demurrer to the petition of the plaintiff and the cross-petition of William Hughes, which was sustained by the court and the petition and cross-petition were dismissed. Irene Hughes and William Hughes each prosecute a petition in error to this court.

The plaintiff Irene Hughes seeks to have declared void the decree rendered in an action brought against her by her father, William Hughes, for the reason that there was.

no such service of the summons upon her in that action as to confer jurisdiction. From the petition in this suit it appears that when the original action was commenced Irene Hughes, the defendant therein, was an infant under the age of fourteen years, and that the only service of summons upon her was by leaving the same at her usual place of residence.

Section 76 of the Code of Civil Procedure, relating to the service of summons upon infants, provides that "When the defendant is a minor under the age of fourteen years, the service must be upon him and upon his guardian or father; or, if neither of these can be found, then upon his mother or the person having the care and control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than fourteen years of age, service on him alone shall be sufficient. The manner of service may be the same as in the case of adults."

The statute provides that the manner of service upon an adult "shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence any time before the return day." (Code, section 69.)

In order to constitute a complete and perfect service upon a minor less than fourteen years of age, a copy of the summons must be delivered to him personally, or left at his usual place of residence, and in addition, service must be made upon his guardian or father, "if neither of these can be found, then upon his mother, or the person having his care and control, or with whom he resides, if to be found."

The object of the statute was to give notice to some one, other than the infant sued, who would likely see to it that the minor's rights are protected. The provisions of the statute are mandatory and cannot be disregarded. A minor cannot waive them, nor any one for him. They must be

strictly observed or jurisdiction will not be acquired over the person of an infant defendant. When the record of a cause, in which a judgment is rendered against a minor, discloses that the mode pointed out by the statute for obtaining jurisdiction has not been followed, the judgment is void on its face.

Counsel for the defendant in error contends that in the absence of an averment in the petition to the contrary, it will be presumed that Irene Hughes was living with her father William Hughes when the original suit was instituted, and as he was the plaintiff therein, service could not have been properly made on him, and that the service upon Irene Hughes alone was sufficient. In other words, that the provisions of the statute providing for service of a summons upon the father of an infant does not apply when the father is the plaintiff in the action. Authorities are cited which go to that extent, while decisions are to be found which dispute the proposition. We will not now stop to consider the question, as its solution is not essential to the proper disposition of the case.

No facts are brought into this record to show that the judgment in the original action of William Hughes v. Irene Hughes is invalid upon its face. It is nowhere alleged in the petition in this case that the record in the original suit discloses that Irene Hughes was a minor, unless her minority was therein revealed, no want of jurisdiction in the court to render the judgment appears on the face of the proceedings, and it will not be presumed that the record shows a lack of jurisdiction.

This is an equitable action to set aside a judgment, regular on its face, rendered by a court of competent jurisdiction. The plaintiff herein does not allege any fact showing that she has a meritorious defense to the original action brought against her, or that the judgment therein rendered is inequitable. For aught that appears the entire consideration for the property was paid by William Hughes,

and Rebecca C. A. Hughes, plaintiff's mother, held the title in trust for him. True the petition filed by Irene avers that Rebecca died seized in fee simple of the property in controversy, but we do not think this sufficient to negative the existence of a trust. The rule is that when a party seeks to set aside a judgment rendered against him, which is regular on its face, on the ground that he has a valid defense to the suit, he must plead the facts constituting the alleged defense. The demurrer to the petition was properly sustained. (*C., B. & Q. R. Co. v. Manning*, 23 Neb., 552 *Proctor v. Pettit*; 25 Id., 96; *Osborn v. Gehr*, 29 Id., 661; *Hartford Fire Ins. Co. v. Meyer*, 30 Id., 135.)

The cause of action set up in the cross-petition of William Hughes is barred. An action for relief on the ground of fraud must be brought within four years after the discovery of the facts constituting the fraud, or facts sufficient, if pursued, to lead to such discovery. The judgment is

AFFIRMED.

THE other judges concur.