## F. H. GILCREST V. HENRY NANTKER.

FILED FEBRUARY 4, 1896.    No. 5984.

New Trial: PETITION. A petition by a plaintiff for a new trial,
    under section 602 of the Code, after the term at which
    judgment was rendered, is properly denied where the peti-
    tion in the original suit fails to state sufficient facts to
    have supported a judgment in his favor, and where it
    does not appear that his alleged cause of action is meri-
    torious.

ERROR from the district court of Buffalo county.
Tried below before HOLCOMB, J.

*R. A. Moore*, for plaintiff in error.

References: *Horn v. Queen*, 4 Neb., 108; *Thomp-
son v. Sharp*, 17 Neb., 71; *Luce v. Foster*, 42 Neb.,
818; *White v. Gray*, 61 N. W. Rep. [Ia.], 173; *Senn
v. Joseph*, 17 So. Rep. [Ala.], 543; *Taylor v. Evans*,
29 S. W. Rep. [Tex.], 172; *Graham v. Reno*, 38 Pac.
Rep. [Colo.], 835; *Erskine v. McIlrath*, 62 N. W. Rep.
[Minn.], 1130; *Fischer v. Hetherington*, 32 N. Y. Sup.,
795; *Beardsley v. Pope*, 32 N. Y. Sup., 926; *Smithson
v. Smithson*, 37 Neb., 539; *Clutz v. Carter*, 12 Neb.,
113; *Stoll v. Sheldon*, 13 Neb., 207; *Dalton v. West
End Street R. Co.*, 34 N. E. Rep. [Mass.], 261; *Harper
v. Nat. Life Ins. Co.*, 5 C. C. A., 509.

*Marston & Nevius, contra.*

NORVAL, J.

This was an action in equity brought in the court
below by the plaintiff in error against Henry Nant-
ker to obtain a new trial in a suit at law between
the same parties. A general demurrer to the peti-
tion was sustained and the cause dismissed. The

original action was to recover damages for alleged deceit and false representations in the sale of a horse by Nantker to Gilcrest.   The verdict was for the defendant.   Plaintiff's motion for a new trial was overruled, and judgment was rendered for the defendant, which was affirmed by this court at the September, 1894, term, for the reason the petition failed to state a cause of action.   The record shows that the district court offered in the original cause to sustain the motion for a new trial and permit the plaintiff to amend his petition, conditioned alone that the costs of the trial should be taxed to the plaintiff.   Gilcrest, by his attorney, elected to stand upon his motion, and declined to amend his petition, whereupon said motion was overruled.

The facts set forth in the application for equitable relief against the judgment, briefly stated, are these:  That when the motion for a new trial came on for hearing and decision, R. A. Moore, who had represented the plaintiff in the cause from its inception, appeared for said plaintiff and elected for him to stand upon said motion, and not to submit to the order of the court relating to amending of the petition and the taxing of costs;  that said election was made without said attorney consulting with his client and while plaintiff was absent from Buffalo county, he being at the time in the city of Omaha, and possessing no knowledge that the motion would be called up in his absence from the county;  that on his return from Omaha, and before he had an opportunity to consult with his said attorney, he was taken dangerously ill, and by reason thereof was confined to his bed for the period of two or three months thereafter, and until after the adjournment of the term of court at which the judgment was pronounced;  that during said

illness he was prohibited by his physician from consulting with the members of his own family or others upon matters òf business, much less his said attorney; that as soon as plaintiff recovered from said illness and was able to converse with his attorney, he was informed by Mr. Moore of the order of the court and the disposition made of the case, whereupon he instructed his attorney that he desired to abide the order of the court made in passing upon the motion for a new trial, and submit to the payment of costs; and the petition for a new trial was soon thereafter prepared and filed. The petition for a new trial was made after the term at which the judgment complained of was rendered, and is based upon paragraph 7 of section 602 of the Code of Civil Procedure, which provides for granting new trials " for unavoidable casualty or misfortune, preventing the party from prosecuting or defending." Whether the facts alleged in the application bring the case within the quoted provision of the statute we do not decide, since it is clear, from other considerations hereafter stated, that the demurrer to the petition was rightfully sustained on another ground. The petition in the original suit did not state a cause of action. This, as already mentioned, was decided in *Gilcrest v. Nantker*, 42 Neb., 564, and wherein the pleading was defective need not be restated. The averments being insufficient to entitle the plaintiff to recover, it is obvious that a new trial, if granted, would have been a barren victory, unless an amended petition was filed. True, plaintiff might have recast his pleading, if the facts would allow him to do so; but his application for a new trial contains no averment that the defects in the petition could be remedied by

Gilcrest v. Nantker.

amendment, nor that he has a meritorious cause of action, and no fact constituting his alleged cause of action is pleaded. This court has held, where a defendant petitions for a new trial after the term at which judgment was entered, he must plead the facts showing that his alleged defense is meritorious, otherwise his application will be defective. (*Gould v. Loughran*, 19 Neb., 392; *Chicago, B. & Q. R. Co. v. Manning*, 23 Neb., 552; *Osborn v. Gehr*, 29 Neb., 661; *Hartford Fire Ins. Co. v. Meyer*, 30 Neb., 135; *Hughes v. Housel*, 33 Neb., 703; *Petalka v. Fitle*, 33 Neb., 756.) And when a new trial is sought, after the term, by a plaintiff, it must appear that he has a valid cause of action. (*Proctor v. Pettitt*, 25 Neb., 96; *Thompson v. Sharp*, 17 Neb., 69.) Since the application for a new trial fails to disclose that plaintiff has any cause of action against the defendant, the district court did not err in sustaining the demurrer.

The litigation concerning the horse in controversy, "now in the land of shadows,"—so we are advised by the very interesting and able brief of counsel for defendant,—has been protracted and varied. To this plaintiff it has been both expensive and fruitless, and having failed to obtain relief in equity, as well as at law, may we express the hope that the poor old horse may never be the subject of further investigation before any earthly tribunal.

AFFIRMED.