WILLIAM O. GILBERT, ADMINISTRATOR, V. REGINA MARROW.

. FILED MARCH 3, 1898.   No. 9558.

1. **Practice: ERRONEOUS ORDERS: LACHES.** When an order has been irregularly obtained against a party it is his duty to bring the matter to the attention of the court before proceeding to a trial of the cause.

2. **New Trial: WAIVER OF ERROR.** M. obtained a verdict in her favor, which was set aside without service upon her of notice as required by the rules of the court. She made no complaint during the term, nor until after there had been another trial and an adverse verdict and judgment rendered against her. *Held,* That she had waived her right to complain of the irregularity.

3. **Judgments: PROCEDURE TO VACATE.** A party who seeks the vacation of a judgment after the term at which it was rendered must allege and prove that he has a valid cause of action or defense, and to entitle him to relief the court must adjudge that such cause of action or defense is *prima facie* valid.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Reversed.*

*O'Neill & Gilbert,* for plaintiff in error.

*Virgil O. Strickler* and *Byron G. Burbank, contra.*

SULLIVAN, J.

Regina Marrow sued Emily Hespeler in the district court of Douglas county for an assault and battery. A

trial to a jury, on June 22, 1894, resulted in a verdict in favor of the plaintiff for the sum of $4,000. The defendant filed a motion for a new trial on the day the verdict was returned, and on the following day the motion was granted. The verdict was set aside and a new trial awarded. On October 23, 1894, there was a retrial of the cause, resulting in a verdict for the defendant. On the 17th of the following month, a motion by plaintiff for a new trial being denied, judgment was entered on the verdict. On February 19, 1895, the defendant died and, soon after, William O. Gilbert, the plaintiff in error, was appointed administrator of her estate and the cause revived. On April 25, 1895, the plaintiff filed a motion asking for the vacation of the order entered on June 23, 1894, setting aside the verdict of the jury and granting a new trial, for irregularity in obtaining such order. The alleged irregularity consisted in the failure to give written notice to the plaintiff or her counsel of the hearing of the motion, and in representations made by the attorney for the defendant to the court that such notice had been waived. This motion was heard and overruled on May 21, 1895, the controverted question at the hearing being whether Mr. Strickler, attorney for the plaintiff, was present in court and participated in the proceedings which resulted, on June 23, 1894, in the order vacating the first verdict. It was conceded that the notice required by the rules had not been given. Up to this point all the proceedings in the case were had before the branch of the court presided over by Judge Ambrose. But on May 1, 1896, Judge Ambrose being no longer on the bench, an order was made by Judge Scott granting plaintiff leave to file another motion to vacate the order of June 23, 1894, setting aside the $4,000 verdict. This motion was accordingly filed, and coming on to be heard on May 5, 1896, the court made the following findings of fact: "After argument of counsel the court finds that the order of June 23, 1894, granting a new trial, was made contrary to and in violation of the rules of this court,

to-wit, rules 12, 13, 14, and 27, then in force in this court, and was prejudicial error and irregularly granted by the court and obtained by the defendant, and the court would set aside said order of June 23, 1894, granting said new trial, had this court jurisdiction so to do. The court finds that the plaintiff did not waive any of the rules above mentioned and did not consent to the hearing on said motion of June 23, 1894, and was not personally present at said hearing, and that there was bad faith in granting said order of June 23, 1894, setting aside the verdict of $4,000 and awarding a new trial in violation of the rules of this court. The court finds that the plaintiff would be granted leave to argue and be heard upon the motion for a new trial, filed June 22, 1894, had this court jurisdiction, power, or authority in law to grant such leave." Afterwards, on June 22, 1897, the court having reached the conclusion that it possessed the necessary power, made upon the facts previously found the following order: "This cause coming on to be heard for a final order upon the findings of facts heretofore made herein on the 5th day of May, 1896, and the court being fully advised in the premises, it is ordered, adjudged, and decreed that the motion filed by plaintiff May 4, 1896, be, and the same is hereby, sustained in all things, and that the order made June 23, 1894, setting aside the verdict of $4,000 in favor of the plaintiff and granting a new trial to the defendant Emily Hespeler, is hereby vacated, set aside, and held for naught, and the said verdict for $4,000 in favor of the plaintiff is hereby reinstated in full force and effect; also that the proceedings relating to the second trial, together with the judgment thereon, be vacated, set aside, and held for naught, said judgment being entered on November 17, 1894, against the plaintiff for costs, and that the plaintiff herein have and recover her costs herein, taxed at $——, to all of which the defendant herein, William O. Gilbert, administrator of the estate of Emily Hespeler, deceased, excepts and objects." This is quite a sweeping order to

predicate on the denial of plaintiff's right to have her counsel make a speech on the motion for a new trial which was submitted and sustained on June 23, 1894. Of course, the right to be heard on that motion was a substantial one, and for an unlawful deprivation of it plaintiff had her remedy; but it was her duty to move promptly; she was required to be diligent in presenting her grievance to the attention of the court. Her counsel knew that a new trial had been granted, and he knew the rules of the court which entitled him to notice of the motion. In other words, he knew that the court had proceeded irregularly; he knew what the irregularity was, and was only ignorant of the reason for the court's irregular action. Under these circumstances what duty did the law impose upon him? Might he conceal from the court the fact that the new trial had been granted without notice to him, proceed to a second trial, take advantage of the verdict if it should be in his favor, and destroy it if against him? We think not. Litigants cannot trifle with the court. They must act with candor and in good faith. Finesse and dissimulation will not be tolerated. Had counsel in this case promptly, during the term, challenged attention to the fact that the order in question had been irregularly granted, the matter in controversy could have been settled easily and without evidence. The presiding judge would, no doubt, have had a distinct recollection of what transpired when the motion was submitted, or, if in doubt about the matter, it would have been but slight inconvenience to vacate the order, hear counsel's argument, and then make such further order as the justice of the case required. Instead, however, of pursuing the course indicated, plaintiff waited almost a year—waited until there had been another trial and an adverse verdict and judgment rendered and until the action had abated by defendant's death—before taking any steps to secure a vacation of the irregular order. This remarkable tardiness can be explained only on the theory that she had acquiesced in

the order of the court.   It cannot be accounted for on the assumption that she did not sooner know of the reason for the court's irregular action.   She could easily have ascertained that reason had she cared to inquire. But she studiously refrained from making inquiry, realizing, of course, that it was the order and not the inducement to it which had bereft her.   We think, under these circumstances, the court very properly overruled plaintiff's motion.   It is certainly true that she had the statutory right to file a motion to vacate the irregular order at any time within three years from the date on which it was entered; but when, with full knowledge of the facts, she proceeded to a second trial without bringing the matter to the attention of the court, it must be presumed that she waived this right.   When, without protesting against the order, she moved for a second verdict she relinquished her claim on the first.   (*Ætna Life Ins. Co. v. McCormick*, 20 Wis. 279; *Nichols v. Nichols*, 10 Wend. [N. Y.] 560; *Jenkins v. Esterly*, 24 Wis. 340; *Fletcher v. Wells*, 6 Taunt. [Eng.] 191; *McCormick v. Hogan*, 48 Md. 404.)

The new evidence submitted by the plaintiff on the hearing of the motion before Judge Scott on May 5, 1896, merely tended to impeach certain witnesses who had testified for the defendant before Judge Ambrose on May 21, 1895.   In connection with the other evidence it was sufficient to warrant the court in finding as it did that the order of June 23, 1894, was made without notice to the plaintiff or her attorney as required by the rules of court.   But in view of the history of the case, as disclosed by the record, neither the evidence nor the findings justify the order of June 22, 1897.   That order was not made within the limits of judicial discretion and it must be set aside.   There is also another reason for this conclusion.   Section 606 of the Code of Civil Procedure is as follows: "A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid

cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment." In the case of *Bond v. Wycoff*, 42 Neb. 214, it was held that before the defendant was entitled to have a judgment against him set aside under the provisions of sections 602-611 of the Code, it was necessary for him to allege and prove that he had a valid defense, in whole or in part, to the cause of action stated in the petition. In *Gilcrest v. Nantker*, 47 Neb. 58, it was held that where a defendant petitions for a new trial after the term at which judgment was entered, he must plead facts showing that his defense is meritorious; and in *Thompson v. Sharp*, 17 Neb. 69, it was decided that when the plaintiff applies for a new trial after the adjournment of the term at which judgment was rendered against him, he must make it appear that he has a valid cause of action. But to entitle plaintiff to the order of June 22, 1897, it was not only necessary for her to allege and prove a valid cause of action, but it was also necessary, under the section of the statute just quoted, to secure an adjudication that her cause of action was *prima facie* valid. (*Janes v. Howell*, 37 Neb. 320; *Western Assurance Co. v. Klein*, 48 Neb. 904.) This she failed to do, and such failure would, of itself, require a reversal of the order. (*State v. Duncan*, 37 Neb. 631.) The conclusion thus reached renders unnecessary a decision of other questions argued in the briefs of counsel. A *nunc pro tunc* judgment for $4,000 having been rendered on June 26, 1897, in plaintiff's favor on the first verdict, it is hereby reversed. The order of June 22, 1897, is also reversed and the judgment and orders therein mentioned are reinstated in full force and effect.

JUDGMENT ACCORDINGLY.