GILBERT B. SCOFIELD AND MARY SCOFIELD, PLAINTIFFS IN ERROR, v. THE STATE NATIONAL BANK OF LINCOLN, AND OTHERS, DEFENDANTS IN ERROR.

1. **Practice:** STRIKING OUT DEFENSES. Matter constituting a defense to an action will not be stricken out of an answer, on motion, as "irrelevant."

2. ——— : ———. Allegations in an answer which raise an issue of fact cannot be stricken out upon the ground that they are untrue as shown by the records of the court.

3.　Pleading: NEW MATTER IN ANSWER. Every allegation of new matter in an answer not denied by the reply, for the purposes of the action, must be taken as true.

4.　Assignment of Note by State Bank to National Bank. Where a note secured by mortgage on real estate was assigned by a state bank to a national bank, organized as a successor of the state bank, *Held*, that the national bank could maintain an action to foreclose the same.

5.　Injunction: PETITION TO ENJOIN JUDGMENT. A petition to enjoin a judgment must set forth facts from which it is made to appear that it is against conscience to permit it to be enforced; and also that the plaintiffs were prevented from making their defense by accident, surprise, mistake, or by fraud of the adverse party, and that the plaintiffs were not guilty of neglect in not making their defense.

ERROR to the district court for Otoe county. Tried below before GASLIN, J., sitting in that county. The case is fully stated in the opinion.

*G. B. Scofield,* for plaintiffs in error.

1.　Corporations have only such powers as are specially given by their charters, and national banks have no power to take deeds of trust or mortgages on real estate as security, and have no power not conferred by Congress. An injunction will be granted to prevent a sale by the bank of such mortgaged property. *Matthews v. Skinker,* 62 Mo., 329. *Beaty v. Knowles,* 4 Pet., 152. *Wiley v. First Nat'l Bank Brattleboro,* 47 Vt., 552. *Fowler v. Scully,* 72 Penn. State, 468. *McMaster v. Reid,* 1 Grant cases, Penn., 36. It will be seen from these authorities, from both the state and federal courts, that the "State National Bank of Lincoln" had no right to purchase the note and mortgage described in the record, and that any pretended purchase would be a nullity; hence, having acquired no title to either, a decree of foreclosure would be void, there being no foundation on which an action could be based, and this court

will prohibit by injunction any attempt to enforce such a decree. The defendant admits by its motion the allegations in the petition to be true. If the act of Congress, under which the defendants were organized, is the law governing the powers and duties of national banks, and as expounded by the courts, then the decree of foreclosure was *fraudulent*, illegal, and void, and a court of equity has power to grant relief against such a judgment or decree. *Dobson v. Pearce,* 12 N. Y., 156. *Scott v. Shreave,* 12 Wheat., 605.

2. A court of equity has always, in the exercise of its admitted powers of jurisdiction, had power to grant relief against judgments and decrees obtained by fraud or misrepresentation. *M'Donald v. Neilson,* 2 Cow., 139, 193. *Reigal v. Wood,* 1 Johns. Ch., 402. *Dilly v. Barnard,* 8 Gill & Johns., 170. *Carrington v. Holabaird,* 17 Conn., 530. *Duncan v. Lyon,* 3 John., 352.

*E. F. Warren,* for defendants in error.

1. *The petition* shows that a decree had been rendered between the parties in a former suit, and it is alleged, in effect, that the court committed errors of law upon the hearing, and in entering judgment. If so, it should have been reversed in an appropriate proceeding. This is not such a proceeding but an independent action. A final decree in chancery is as conclusive as a judgment at law. Sibbault's Case, 12 Pet., 492. *Kelsey v. Murphy,* 26 Penn. State, 78. *Bank of U. S. v. Beverly,* 1 How., 148. *Low v. Mussey,* 41 Vt., 393. *Rector v. Rotton,* 3 Neb., 171. The questions of the validity of the mortgage, the right of the bank to foreclose the same, the amount due thereon, were directly before the trial court, and decided on the trial. The plaintiffs are estopped by that decree, and cannot be heard *de novo. Jackson v. Wood,* 8 Wend., 9. *Au-*

*rora City v. West,* 7 Wall., 82. *Loring v. Mansfield,* 17 Mass., 394. *Carey v. Gale,* 13 Vt., 639. *Davis v. Talcott,* 12 N. Y., 184. *Woodgate v. Fleet,* 44 N. Y., 1.

2. There are some cases that hold that a national bank can not take a mortgage to secure a present loan; that it is *ultra vires,* and renders the mortgage void. *Union National Bank v. Mathews,* 62 Mo., 329. *Fridley v. Bowen,* 87 Ill., 151, and others. But the doctrine in these cases has been reversed in *National Bank v. Mathews,* 8 Otto, 621. The supreme court of the United States have reversed the judgment of the supreme court of Missouri in the case of *Bank v. Mathews,* and declared the law to be otherwise; so the question is settled. The court say that even if it were *ultra vires* that defense could not be taken advantage of by private parties, a judgment of ouster and dissolution being the proper punishment for such a violation by the bank of its charter.

MAXWELL, CH. J.

In the year 1878, the plaintiffs filed their petition in the district court of Otoe county, setting forth in substance, that on or about the 5th day of August, 1871, Gilbert B. Scofield executed to the State Bank of Nebraska a promissory note for the sum of $600, due January 1, 1872, and to secure the payment of the same himself and wife executed a mortgage upon certain real estate in Nebraska City. That on the 16th day of November, 1871, said state bank was organized as a national bank, under the provisions of the act of Congress, approved June 3, 1864, and the amendments thereto. And that under and by virtue of said act of Congress, the State National Bank was prohibited from purchasing, dealing, or speculating in mortgage securities of any character, or promissory notes, unless

taken to secure a debt contracted by the bank, or to prevent a loss upon a loan made by it after its organization. That about the first day of January, 1873, the State National Bank, through its officers, had assigned to it the note and mortgage hereinbefore mentioned. That said purchase and assignment were illegal and void, so far as these plaintiffs are concerned, and that the plaintiffs are not now and never have been indebted to the State National Bank of Lincoln. That about the 3d day of April, 1875, the State National Bank of Lincoln commenced proceedings in the district court of Otoe county to foreclose said mortgage, and that on or about the eighth day of December, 1876, a decree of foreclosure was rendered by the court in said cause, and the plaintiffs allege that the proceedings of foreclosure and the decree are null and void. That the State National Bank was not the owner of said note and mortgage and had no lawful right to bring suit thereon. That the State Bank of Nebraska, before the pretended assignment of the note and mortgage, was indebted to the plaintiff, Gilbert B. Scofield, in the sum of $833, which should have been applied as payment upon said note and mortgage. That upon said illegal and void foreclosure the State National Bank has obtained an order of sale, and is about to sell said mortgaged premises, etc. The plaintiffs pray for an order restraining the defendants from proceeding under said order of sale, and that said decree of foreclosure may be set aside and held for naught, etc.

The defendants in their answer set up the decree of foreclosure, and allege that the plaintiffs appeared in that action, and plead as a defense to the same the matters set up in the petition in this case, together with the set-off of $833, and that said matters have been fully adjudicated and determined. The plaintiffs filed no reply to the answer, but filed a motion for

judgment on the pleadings, " and to strike out of the answer of the defendants all that portion after the word 'mentioned,' in the 15th line of the answer, because the statements are irrelevant, false, and untrue as appears from the records of this court." The motion was overruled and the case dismissed.

Did the court err in overruling the motion and dismissing the case? We will first consider the motion to strike out.

The first ground assigned is because the statements are irrelevant. The word "irrelevant" signifies "is not pertinent," or applicable. Matter is said to be irrelevant in a pleading which has no bearing upon the subject matter of the controversy, and cannot affect the decision of the court. But matter which constitutes a defense to an action is not irrelevant and should not be stricken out. The motion in this case includes matter which, if true, constitutes a defense to the action, and was properly overruled.

The second ground is that the statements are untrue. Can this question be determined on a mere motion? We think not. Where an answer raises an issue of fact, the question of its truth or falsity must be determined in some other manner than by a motion to strike out portions of it upon the ground that its statements are untrue. The motion to strike out upon this ground was therefore properly overruled.

Were the plaintiffs entitled to judgment on the pleadings? Section 134 of the code of civil procedure provides that "every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall, for the purposes of the action, be taken as true." Gen. Stat., 545. No reply being filed, the allegations of the answer, that a decree of foreclosure was rendered in a former action between the said

parties, in which the plaintiffs appeared and contested the very matters now set up in their petition, and that upon the trial of that case the court found the issues in favor of the plaintiffs in that case, and against the plaintiff in this, are admitted to be true. That judgment may have been erroneous, but it was not void; and it was valid and binding until modified or reversed.

The plaintiffs lay much stress upon the act of Congress approved June 3, 1864, contending that a national bank is absolutely prohibited from purchasing notes secured by mortgage.

Section 28 of that act provides that: " It shall be lawful for any such association to purchase, hold, and convey real estate as follows:

"*First.* Such as shall be necessary for its immediate accommodation in the transaction of its business.

" *Second.* Such as shall be mortgaged to it in good faith by way of security for debts previously contracted.

" *Third.* Such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its dealings.

"*Fourth.* Such as it shall purchase at sales under judgments, decrees, or mortgages held by such association, or it shall purchase to secure debts due to said association.

"Such associations shall not purchase or hold real estate in any other case, or for any other purpose than as specified in this section; nor shall it hold the possession of any real estate under mortgage, or hold the possession of any real estate, purchased to secure debts due to it, for a longer period than five years."

Section 46 provides " that any bank incorporated by special law, or any banking institution organized under a general law of any state, may, by authority of this act, become a national association under its provisions by the name prescribed in its organization certificate; and

in such case the articles of association and the organization certificate required by this act may be executed by a majority of the directors of the bank or banking institution; and said certificate shall declare that the owners of two-thirds of the capital stock have authorized the directors to make such certificate and to change and convert the said bank or banking institution into a national association under this act.   *   * Provided however, that no such association shall have a less capital than the amount prescribed for banking associations under this act."

It will be seen that the statute expressly provides that a state bank may organize as a national bank. That is, the national bank may become the successor of the state bank.   In such case what would become of the assets of the state bank?   The statute evidently intends that they shall be turned over to the new organization.   If it were not so, no advantage would be gained by permitting a state bank to organize as a national bank.   If the state bank was required to close up its own affairs, and collect its own notes, before the new organization could be perfected, the provisions of section 46 would be meaningless. In no case, however, can the amount of paid up capital be less than is required by the statute.   But suppose there was no authority under the statute to transfer the assets of the state bank to the state national bank, how will it avail the plaintiffs in this action?   That the State National Bank was the owner of the note and mortgage in question at the time the decree of foreclosure was rendered, there is no doubt.   The mortgage was the valid contract of the plaintiffs, made as security for the payment of money received by them.   Did this contract become void by being transferred to the bank? If so, upon what principle?   The statute does not declare such transfers void, and in our opinion the bank

McCann v. Otoe County.

may maintain an action to foreclosure such mortgage. *National Bank v. Matthews*, 8 Otto, 621. The motion for judgment on the pleadings was therefore properly overruled.

Does the petition state a cause of action? To authorize the interference of a court of equity to enjoin a judgment it must appear that it is against conscience to permit it to be enforced, and also that the plaintiffs were prevented from making their defense by accident, mistake, surprise, or by fraud of the adverse party, and that they were not guilty of neglect in not making their defense. *Young v. Morgan*, ante p. 169. The petition entirely fails to state any facts of this character, and we cannot retry the foreclosure case in this proceeding. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.