ELLEN YOUNG, APPELLANT, v. MORGAN AND GALLA-GHER, APPELLEES.

**Equity**: RELIEF AGAINST A JUDGMENT. The rule is well settled that equity will afford no relief against a judgment to a party who has purposely or negligently omitted to make his defense at law.

APPEAL from the district court for Platte county. Heard below on exceptions to report of referee, by POST, J. Exceptions overruled, and judgment for defendants.

*Marlow & Munger*, for appellant, cited *Huebschman v. Baker*, 7 Wis., 542.

*Whitmoyer, Gerrard & Post*, for appellees, cited *Young v. Morgan*, 9 Neb., 171, and authorities there cited.

LAKE, CH. J.

This case comes here by appeal from the district court for Platte county. The action was brought to enjoin the collection of a judgment at law by a sale of real property under execution. The ground upon which equitable relief is sought is, that the judgment was rendered against the appellant in her absence, and upon two promissory notes purporting to have been executed by one John G. Compton and the appellant jointly, but which as to her were forgeries, her name having been signed to them by said Compton without her knowledge or consent.

The court below sent the case to a referee for trial, who found, among other things, upon ample evidence, that the appellant, although posessed of ample information to have enabled her to do so, "was negligent in not interposing her defense to the notes when sued in the county court." In other words, "that she had a complete remedy at law," which, through her own negligence, she had omitted to avail herself of at the proper time. That this finding was fully—indeed the only one—warranted there is not even the shadow of a doubt.

It appears that, on the 15th of December, 1877, John G. Compton, a brother-in-law of the appellant, whose name at that time was Ellen Compton—she having since intermarried with Charles H. Young—being indebted to Morgan & Gallagher in the sum of three hundred and sixty dollars, gave therefor the two notes in question, one for a hundred and sixty, and the other for two hundred dollars, due in sixty and ninety days respectively. On the maturity of the first of these notes, Morgan & Gallagher sent to the appellant a notification in these words, which she received by mail in due time at her home in Columbus:

"OMAHA, NEB., Feb. 16th, 1878.

"*Mrs. Ellen Compton, Columbus, Neb.:*

"The note of $160.00, bearing 12 per cent interest, dated

Dec. 15th, and signed by John G. Compton and Mrs. Ellen Compton is *due this day*, and we look to you for payment of principal and interest. Your immediate attention to same is requested. Yours Truly,

"MORGAN & GALLAGHER."

And afterwards, on the twenty-fifth of March, 1878, the other note then being ten days over-due, a similar notice respecting it was sent to her, which she admits having received.

These two notices were certainly sufficient to fully advise her of the character of Morgan & Gallagher's claim, but she paid no attention to the demand thus made upon her, not even so much as to question to them its correctness in any particular. Thus the matter rested until the twentieth of June, when, the notes still remaining unpaid, Morgan & Gallagher commenced an action thereon in the county court of Platte county, where the appellant then resided. Of this action she was duly notified by summons, which was personally served upon her, as she admits both in her petition and in her testimony given upon the trial. By the summons she was again informed as to the character of the demand, and, although questioning its correctness as to herself, as she says, in a conversation respecting the suit had with John G. Compton immediately after the service of the summons, made no appearance, but suffered judgment to be taken by default for the amount called for by the notes, which was done July 2d, 1878. The only excuse for not making a defense to the action on the notes as given in the petition is, that John G. Compton "then stated that the most of the money had been paid, and that there was not more than one hundred and fifty dollars due, and requested her not to pay any attention to the summons or suit, as that was a form which had to be gone through with before taking a stay." She says that Compton at the same time also told her that one Anderson, who "was owing him" * * * "was going to sign the stay bond with him,

and that would release her." Thus, from her own admissions, we have it established that, in order to gratify the wish of John G. Compton, for whose indebtedness to Morgan & Gallagher the notes were given, the appellant voluntarily permitted the judgment to be rendered in her absence, and without resistance, for the full amount called for by the notes and claimed in the summons served upon her. But even according to the most favorable view for the appellant that it is possible to take of this statement, the only disappointment she could have had respecting the matter of the judgment was as to its amount. In addition to this it was admitted upon the trial that the appellant knew of this judgment on the sixth of July, only four days after it was rendered, which was in time to have enabled her to take an appeal to the district court if she were then dissatisfied with it.

Thus we have presented a succession of facts, showing most conclusively, as we think, that the appellant either purposely or negligently omitted to defend against a recovery on the notes, by reason of which the absolute want of equity in her case is fully established.

The rule is well settled that equity will afford no relief against a judgment in such a case. Story's Equity Jurisprudence, sec. 895. Willard's Equity Jurisprudence, 347. Such being our view of this, the principal and controlling feature of the case, it is unnecessary to look into the record further, and the judgment must be affirmed.

JUDGMENT AFFIRMED.