FRANK PETALKA, APPELLANT, V. FRANK FITLE ET
AL., APPELLEES.

[FILED JANUARY 12, 1892.]

1. **Judgments:** INSUFFICIENT FINDINGS. A judgment is not void for want of a finding of fact to support it. While it is erroneous and subject to reversal by proper proceedings brought for that purpose, yet the lack of such a finding is no cause for enjoining the collection of the judgment.

2. ———: INJUNCTION. A judgment at law, valid on its face, will not be enjoined on behalf of the defendant against whom it was rendered, when it does not appear that he has a valid defense to the cause of action upon which the judgment was entered.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Slabaugh, Lane & Rush,* for appellant, cited: *Blanchard v. Jamison,* 14 Neb., 244; *Ridgeway v. Bank,* 30 Tenn., 523; *McNeill v. Edie,* 24 Kan., 108; *Mastin v. Gray,* 19 Id., 458; *Chambers v. Mfg. Co.,* 16 Ark., 270; *Ryan v. Boyd,* 33 Kan., 778; *Owens v. Ranstead,* 22 Ill., 161; *Gerrish v. Hunt,* 66 Ia., 682; *Blakeslee v. Murphy,* 44 Conn., 188.

*Jas. W. Carr,* contra, filed no brief.

NORVAL, J.

This action was brought in the court below by appellant for the purpose of enjoining an alleged void judgment which the appellee Fitle had obtained against him in the justice court of E. K. Wells, a justice of the peace in and for Douglas county, and an execution issued thereon, which had been placed in the hands of Martin Eddy as constable and which he was about to levy upon the property of appellant.

The plaintiff alleges in his petition: "That on the 21st day of February, 1888, the defendant herein recovered an invalid judgment against the plaintiff herein in the justice court of E. K. Wells, justice of the peace in and for Douglas county, Nebraska, for the sum of $60 and $7.90 costs of suit, in an action pending in said court wherein, the said Frank Fitle was plaintiff and the plaintiff herein, Frank Petalka, was defendant. A transcript of said invalid judgment is filed herewith, marked 'Ex. A,' and made a part hereof.

"The plaintiff alleges that there is error in said proceedings and in said record, and that said pretended judgment is invalid for the following reasons, to-wit:

"1st. That said defendant therein had not been summoned or in any way notified to appear at the hour said trial was had, but that said justice was absent from his office, the place of said trial, at the hour said Petalka was summoned to appear, and was absent from said place six or eight hours thereafter, and that the plaintiff did not appear for several hours later.

"2d. That the judgment of said suit, as appearing in the transcript filed herewith, is invalid, and that no legal judgment exists in favor of the defendant herein and against the plaintiff herein.

"3d. That said justice had no jurisdiction of the parties hereto at the time of rendering said judgment.

"That the defendant herein threatens to enforce said judgment by execution; that said justice has issued an execution out of his court on said judgment against the plaintiff herein, and delivered the same to Martin Eddy, constable, who is about to levy upon and sell under said execution the goods and chattels of the plaintiff herein.

"That the defendant herein is insolvent, and if he be allowed to enforce said judgment and collect thereon, the plaintiff herein would be irreparably injured."

No answer was filed, and the cause was submitted to

the court upon the petition and evidence, on consideration thereof the court found the issues in favor of the defendants and dismissed the action for want of equity.

As the defendants failed to deny the averments of the petition, every allegation of facts contained in the petition must be taken as true. Was the petition sufficient to entitle the plaintiff to equitable relief?

The transcript of the judgment rendered by the justice of the peace, which is attached to and made a part of the petition, shows that on the 14th day of February, 1888, the justice issued a summons for Frank Petalka returnable February 21, 1888, at 1 o'clock P. M., which was personally served upon Petalka on the day it was issued. The transcript also states that the defendant did not appear at the hour fixed for trial, nor for one hour thereafter, when the case was called, trial had, and judgment rendered for plaintiff for $60 and costs. The justice court had jurisdiction of the subject-matter of the action, and it appears from the transcript of the judgment that jurisdiction was had of the person of the defendant. So no want of jurisdiction appears upon the face of the judgment. The sole defect in the record is that it contains no finding of fact. But the want of a finding does not render the judgment void. It is merely erroneous, and would be sufficient grounds for reversal in proper proceedings brought for that purpose. (*Hansen v. Bergquist*, 9 Neb., 278; *Doty v. Sumner*, 12 Id., 378; *McNamara v. Cabon*, 21 Id., 589; *Connelly v. Edgerton*, 22 Id., 82.)

Relief is asked upon the ground that the trial was had and judgment rendered several hours after the time fixed in the summons for Petalka to appear. But this alone is not sufficient cause for enjoining the collection of the judgment. The judgment shows that it was rendered in the absence of Petalka. He was therefore entitled under the statute, as a matter of right, to have the same set aside, by making application to the justice within ten days

after the judgment was rendered, and confessing judgment for the costs or paying the same.   Had such motion been made and denied, he could have prosecuted appeal on error therefrom to the district court.   He did not avail himself of the remedy provided by statute.

The plaintiff does not allege in his petition sufficient facts to show that it would be inequitable to permit the judgment to be enforced.   It does not appear that Petalka has any defense to the action in which judgment was rendered against him.   The rule is well settled that a court of equity will not enjoin a judgment at law, regular on its face, on behalf of the defendant against whom the judgment had been rendered, unless it appears he has a valid defense, which he was prevented from making, by reason of fraud, accident, or circumstances beyond his control. *Schofield v. State Bank,* 9 Neb., 316; *Gould v. Lougham,* 19 Id., 392; *Proctor v. Pettitt,* 25 Id., 96; *Winters v. Means,* Id., 241; *Osborne v. Gehn,* 29 Id., 661.)

The petition failing to state sufficient grounds for equitable relief, the district court did not err in dismissing the action.   The judgment is

AFFIRMED.

THE other judges concur.