43  777
48   55

WILLIAM A. WOODWARD, APPELLANT, V. WILLIAM A.
PIKE ET AL., APPELLEES.

FILED FEBRUARY 6, 1895.    No. 6391.

Judgment: INJUNCTION TO RESTRAIN COLLECTION: GROUNDS.
A court of equity will not enjoin the enforcement of a judgment
at law unless it appears that plaintiff had at the time of the ren-
dition of such judgment a valid defense, and, if the relief prayed
could have been afforded upon due application under section
602, Code Civil Procedure, relating to new trials, it must, in ad-
dition, be satisfactorily shown that by reason of fraud or circum-
stances beyond the control of plaintiff he has been prevented
from availing himself of the provisions of the aforesaid section.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J.

Ricketts & Wilson, for appellant.

H. J. Whitmore, contra.

RYAN, C.

This action was brought by the appellant in the district
court of Lancaster county for the purpose of enjoining the
collection of a judgment previously rendered in said court
in another cause wherein appellee Pike had been plaintiff
and appellant and Woodward had been defendant. The
suit wherein the judgment complained of was rendered was
commenced before a justice of the peace of Lancaster
county. From a judgment of date July 6, 1892, in favor
of Woodward, Pike appealed to the district court aforesaid,
and on August 4, immediately following, filed his trans-
cript therein. As this was within thirty days from the
rendition of judgment the jurisdiction of the court last
named duly attached. The appellant Pike did not within
twenty days thereafter, as required by statute, file a peti-

tion; indeed this petition was not filed until September 22, 1892. After having filed his petition, by leave of court, plaintiff gave no notice thereof to defendant, but on December 23, 1892, took judgment against him by default. On January 26, thereafter, the defendant learned of the existence of said judgment and began this action to enjoin its collection. The practice sanctioned by this court probably required that upon the filing of this petition out of time the defendant should have had some sort of notice thereof before judgment was entered against him. (*Cockle Separator Co. v. Clark*, 23 Neb., 702; *Arnold v. Badger Lumber Co.*, 36 Neb., 841; *Schultz v. Loomis*, 40 Neb., 152.) While the practice pursued was irregular, the court was not without jurisdiction. The provisions of section 602 of the Code of Civil Procedure afforded ample means of redress for irregularities in proceedings, and for such unavoidable casualty or misfortune as had prevented a defense. There was no evidence offered in this case which even remotely indicated that the defendant had had no opportunity of availing himself of the provisions of the section just referred to. There was charged in the petition in this case no such acts of omission or commission as would justify the assumption that fraud had been practiced in procuring the judgment assailed. The failure of the complainant to avail himself of the means clearly given him by statute for the redress of his alleged grievances, does not entitle him to ask that a court of equity in a purely collateral proceeding shall supply another remedy. (*Young v. Morgan*, 13 Neb., 48; *Gould v. Loughran*, 19 Neb., 392; *Proctor v. Pettitt*, 25 Neb., 96; *Lininger v. Glenn*, 33 Neb., 188; *Petalka v. Fitle*, 33 Neb., 756.) This action was therefore properly dismissed by the district court, and its judgment is

AFFIRMED.