THOMAS FICKES, APPELLEE, V. VICK BROTHERS ET AL., APPELLANTS.

FILED JANUARY 19, 1897.   No. 7013.

Judgment: INJUNCTION. In an action to enjoin the enforcement of a judgment, relief should not be granted because of the service of an unauthorized summons upon which such judgment was rendered, in the absence of a showing of the existence of a defense to the cause of action which formed the basis of the judgment assailed.

APPEAL from the district court of Saunders county. Heard below before WHEELER, J.   *Reversed.*

*Stevens & Cochran,* for appellants.

*E. H. Wooley, contra.*

RYAN, C.

This action was brought in the district court of Saunders county by Thomas Fickes to enjoin the collection of a judgment rendered against him by a justice of the peace of Lancaster county. It was alleged in the petition of Mr. Fickes that at the time that said judgment was rendered he was a resident of Cass county, and that by

reason of a collusive entry of appearance by a co-defendant, also a resident of Cass county, the aforesaid justice of the peace assumed to have jurisdiction, upon a summons afterwards served in Cass county, to render judgment against Fickes. There was a decree as prayed, and to reverse such decree this appeal is prosecuted.

There was a radical defect in the petition of Mr. Fickes as to the existence of a defense to the cause of action upon which judgment had been rendered by the justice of the peace in Lancaster county. There were in the petition the following averments: "That said judgment was so fraudulently obtained as aforesaid because this plaintiff had a good and valid defense against said note, which fact the Vick Bros. well knew and so fraudulently obtained said judgment to prevent this plaintiff from making said defense." There was no reference to a defense other than was contained in the language just quoted. In *Hughes v. Housel*, 33 Neb., 703, it was held that when a party seeks to set aside a judgment against him which is regular on its face, on the ground that he has a meritorious defense, he must plead the facts constituting such alleged defense. The same rule was enforced in *Lander v. Abrahamson*, 34 Neb., 553, and in *Winters v. Means*, 25 Neb., 241. In *Janes v. Howell*, 37 Neb., 320, it was held that even where the return of service of summons was shown to be false, there must, to entitle to relief, be averments and proof of the existence of a meritorious defense. In the case under consideration there was no defense alleged or found by the court in its special findings of fact, neither was there any evidence to justify such a finding had it been made. The judgment is therefore reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.