GEORGE W. McBRIDE, APPELLANT, v. JOHN A. WAKE-FIELD ET AL., APPELLEES.

FILED APRIL 6, 1899. No. 8816.

1. **Mortgages: RIGHTS OF MORTGAGEE WHO PURCHASES OTHER LIENS.** A mortgagee who contracts with the mortgagor to "take care of" other incumbrances upon the mortgaged property may purchase, and take an assignment of, a lien covering the property described in the mortgage and other property, and may afterwards assert such lien against the other property; and this he may do notwithstanding the fact that the mortgagor was legally bound to discharge the lien against the other property.

2. **Void Judgments: INJUNCTION.** A court of equity will not grant relief against an irregular or void judgment unless it appears that there is a defense to the action in which the judgment was rendered.

APPEAL from the district court of Douglas county. Heard below before POWELL, J. *Affirmed.*

*B. N. Robertson,* for appellant.

*Montgomery & Hall,* contra.

SULLIVAN, J.

In 1891 John C. Luke was the owner of twenty-six lots in Luke & Templeton's Addition to the city of Omaha. Upon this property the Winona Savings Bank had a first mortgage to secure an indebtedness of $8,000. Hugo Leubben had a second mortgage on twenty of the lots to secure a note for $350. This note was transferred to

the German Savings Bank as collateral security and by it reduced to judgment in an action brought for that purpose in the county court of Douglas county.   After the execution and recording of the mortgages above mentioned Luke sold lot 18 to George W. McBride.   This lot was subject to the lien of both mortgages, and the purchaser expressly assumed the payment of $400 of the indebtedness to the Winona Savings Bank.   The deed made no reference to the Leubben mortgage, but contained a general covenant against incumbrances.   It was recorded in December, 1891.   Afterwards Luke executed to John A. Wakefield a deed conveying five of said lots, upon which houses were then in process of construction. In consideration of the conveyance Wakefield agreed to complete the houses and "take care of the indebtedness now existing on said property, and hold said property under said deed as security for total amount of such sums paid and supplies furnished, together with interest at ten per cent per annum upon such sums paid or supplies furnished from date of paying or supplying same."   The Leubben mortgage was a lien on one of the lots conveyed to Wakefield, and, in performance of his contract, he was obliged either to purchase it or pay it off.   Which line of action he pursued is one of the controverted questions in the case.   In February, 1893, the Winona Savings Bank commenced an action to foreclose its mortgage, making Luke, McBride, Wakefield, and others parties defendant.   The answer day was March 20.   Immediately after service of summons upon him McBride called upon the plaintiff's attorney and in consideration of the payment of $416 obtained a release of lot 18 from the lien of the first mortgage.   He also secured the attorney's promise to dismiss him from the action.   This promise was not performed.   Afterwards Wakefield filed an answer in which he demanded a foreclosure of the Leubben mortgage and pleaded facts showing his right to that relief. In due time McBride was defaulted and a decree rendered against him in accordance with the prayer of the

cross-petition. In execution of this decree lot 18 was sold to Wakefield, who now holds the legal title to the property. The present action was instituted by McBride against Wakefield to vacate the decree of foreclosure and the order confirming the sale, to set aside the sheriff's deed to the defendant, and to quiet plaintiff's title to the lot. The trial court found the issues in favor of the defendant and rendered judgment dismissing the cause. The plaintiff brings the record here for review by appeal.

The first question to be considered is the character of the transaction between Wakefield and the German Savings Bank. If it was in substance a payment of the indebtedness secured by the Leubben mortgage, then, of course, that instrument ceased to be a lien on the plaintiff's property, and the decree of foreclosure was manifestly unjust. There are circumstances which tend strongly to sustain plaintiff's theory that an absolute payment was intended, but they are not controlling or decisive. Wakefield was bound by the terms of his contract to "take care" of the indebtedness existing against the lots conveyed to him. These lots with others rested under a common burden, and he was certainly not required to remove this burden from all the property and look to part of it for reimbursement. His obligation was not to pay off and discharge all existing liens but to "take care" of them. He was under no obligation at all with reference to lot 18; its exoneration was not within the purview of his contract. To protect himself he had the undoubted right to take an assignment of the Leubben mortgage, keep it on foot and resort to it if necessary. He did take an assignment, and thus succeeded to the rights of the former owner. From a careful examination of all the evidence we think the trial court was right in finding that the mortgage survived the assignment and was a valid and enforceable lien against the plaintiff's property. It is true that it was Luke's duty to discharge the lien against McBride's lot, but that duty was never transferred to, or assumed by, Wakefield. To construe

the transaction in question as a payment would involve the assumption that Wakefield did more than he agreed to do,—that his performance exceeded his promise.

It is further contended that the decree of foreclosure in favor of Wakefield is void because the amended answer was filed without leave and after answer day. Both answers sought a foreclosure of the same mortgage, and while the judgment may have been irregular it was not void. Neither is it inequitable. Wakefield was entitled to have lot 18 sold to satisfy the amount due on the Leubben mortgage. This amount the defendant does not offer to pay. He does not offer to do equity, and he is therefore not entitled to the relief demanded. The judgment is

AFFIRMED.