ALDEN MERCANTILE COMPANY, APPELLEE, v. JOHN A. RANDALL, RECEIVER, APPELLANT.

FILED NOVEMBER 13, 1915. No. 18369.

Judgment: ENFORCEMENT: INJUNCTION: PETITION. To justify the interposition of a court of equity to enjoin a judgment in a case in which it is claimed that there was a defective service of process, it must appear that a valid defense exists to the merits of the original suit, and the plea to be good in this respect must state the facts so that the court can determine whether, if proved, they constitute a defense.

APPEAL from the district court for Grant county: JAMES N. PAUL, JUDGE. Reversed.

Burkett, Wilson & Brown, for appellant.

D. F. Osgood, contra.

LETTON, J.

This action was brought to restrain the defendant, who is the receiver of an insolvent insurance company, from procuring an execution to be issued and levied upon the property of plaintiff on the ground that the judgment upon which the execution is based is void, being rendered with-

out jurisdiction. Defendant filed a general demurrer to the petition, which was overruled. He elected to stand upon the demurrer. Judgment was rendered upon the pleadings granting the relief sought. Defendant appeals.

In substance, the petition alleges that the plaintiff is a resident of Grant county; that the defendant, acting as receiver for the Nebraska Mercantile Mutual Insurance Company, brought suit against the plaintiff in the district court for Lancaster county and caused a pretended summons to be issued and served upon the defendant in Grant county; that plaintiff never appeared in the action; that the action was upon a claimed liability as a policy holder of the insurance company, and "there was no joint liability averred, claimed or existing between this plaintiff and the other defendants named in said action, nor between any of the defendants in said action, but a several liability was averred, and a several judgment asked against this plaintiff and each and all of the defendants;" that the service of summons in Grant county conferred no jurisdiction upon the district court for Lancaster county; that the district court for Lancaster county rendered a several judgment against the plaintiff; that the pretended judgment is a cloud upon the title to his real estate; that he has no adequate remedy at law; "that said pretended judgment is absolutely null and void; and that plaintiff was at no time indebted to the defendant in any sum whatsoever."

The demurrer admits all the material facts stated in the petition to be true. These are: That in the original action no joint liability between plaintiff and any other defendant was averred or was existing; that no summons was served upon him in Lancaster county; that he never appeared in the action; and that he was at no time indebted to defendant in any sum whatsoever. It is argued by defendant that there is no allegation in the petition that plaintiff had any defense upon the merits of the case in Lancaster county, and that therefore, under the rule in *Fickes v. Vick Bros.*, 50 Neb. 401, "In an action to enjoin the enforcement of a judgment, relief should not be

granted because of the service of an unauthorized summons upon which such judgment was rendered, in the absence of a showing of the existence of a defense to the cause of action which formed the basis of the judgment assailed," it does not state a cause of action.

The question presented is whether the closing allegation, "that plaintiff was at no time indebted to defendant in any sum whatsoever," states a defense to the original action. The cause of action is alleged to have been "upon a claimed liability as a policy holder of the Nebraska Mercantile Mutual Insurance Company." In an action brought by the receiver of the mutual insurance company, does such an answer state a defense? It might be true that plaintiff was not indebted to the receiver, and yet all the facts set forth in the petition might also be true. Moreover, the allegation is a mere conclusion without disclosing in any way what the real defense was that plaintiff had in mind. He might defend on the ground that he was not indebted to the receiver because there were no outstanding debts of the corporation for which it was necessary to assess the policy holders, or on the ground that the appointment of Mr. Randall was defective or made without jurisdiction, and therefore he was not indebted to him. A defense upon the merits of the original suit is not alleged, and therefore no cause of action is set forth in the petition. We have repeatedly held that, in order to authorize the enjoining of a judgment, it must appear that there is a valid defense to the cause of action on which the judgment was based. *Wilson v. Shipman,* 34 Neb. 573; *Janes v. Howell,* 37 Neb. 320; *Woodward v. Pike,* 43 Neb. 777; *McBride v. Wakefield,* 58 Neb. 442. This is the general rule. *Brandt v. Little,* 47 Wash. 194, 14 L. R. A. n. s. 213, and note.

No such defense has been pleaded, and the court erred in overruling the demurrer. Its judgment is therefore

REVERSED.

SEDGWICK and HAMER, JJ., not sitting.