HENRY R. GOULD, APPELLANT, v. JAMES R. LOUGHRAN ET AL., APPELLEES.

1. **Judgment before Justice of Peace:** COLLATERAL AT-
   TACK. Where a justice of the peace has jurisdiction of the sub-
   ject-matter and the parties, a judgment rendered by him after
   the expiration of the time fixed by statute must be corrected
   by a direct proceeding for that purpose, and will not be en-
   joined upon that ground alone.

2. **Injunction:** DOES NOT LIE TO ENJOIN JUDGMENT: EXCEP-
   TIONS. A court of equity will not enjoin a judgment at law
   unless it appears that the plaintiff has a valid defense, which
   by reason of fraud, accident, or circumstances beyond his control
   etc., he was unable to avail himself of.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Andrew Bevins*, for appellant, cited: *Fox v. Meacham*, 6 Neb., 535. *Williams v. Fowler*, 2 J. J. Marsh, 405. Freeman Judgments, 489, 517, 519.

*J. J. O'Conner* and *C. A. Baldwin*, for appellees, cited: High on Injunctions, §§ 88, 97, 131. *Crandall v. Bacon*, 20 Wis., 639. *Stokes v. Knarr*, 11 Wis., 407.

MAXWELL, CH. J.

This action was brought in the district court of Douglas county by the plaintiff against the defendant to enjoin the collection of a judgment rendered by a justice of the peace against him for $100. On the trial of the cause in the court below judgment was rendered in favor of the de-fendants and the action dismissed. The plaintiff appeals.

No copy of the petition is set out in the record, and there is no very definite statement of what it contains in the abstract. The principal facts appear to be these: That

in November, 1882, Loughran brought an action against the plaintiff before Aug. Weiss, a justice of the peace, to recover the sum of $200, alleged damages for the wrongful suing out of an attachment; that on the 18th of that month said justice rendered judgment by default in favor of Loughran and against the plaintiff herein for the sum of $100; that within ten days thereafter the defendant in that action (plaintiff in this) made application to open said judgment and be let in to defend; that the judgment was conditionally set aside and the case set for trial on the 5th day of December, 1882; that on that day a trial was had and judgment rendered for $100 and costs; that at the conclusion of said trial the justice said: "I shall be obliged to render a judgment against the defendant for $100." He might have said: "I render judgment," etc. It is claimed that the last judgment was not entered on the justice's docket until on or about February 20th, 1883, when an execution was issued thereon.

The sole ground upon which relief is sought is the want of authority of the justice to render the judgment at the time stated, and *Fox v. Meacham*, 6 Neb., 530, is cited in support of the rule contended for. In that case Fox was a justice of the peace before whom a criminal complaint was made by Meacham against one Collins. After hearing the case the justice discharged the prisoner and rendered "judgment against the state" for costs. Afterwards he issued execution upon this judgment against Meacham and caused his property to be sold by the officer executing the writ. Meacham thereupon brought an action against Fox to recover for the damages sustained by him by the wrongful issuing of the execution and sale of his property. On the trial of the cause, there being no judgment against Meacham on the docket of the justice, it was sought to obtain an order to permit Fox to amend his docket entry in the criminal case against Collins to show a judgment against Meacham for costs in that action, upon the ground

that the prosecution was malicious, and that he so intended his record to be made. The court held that after the entry of judgment by Fox in the criminal case " he could do nothing more in the premises and had no authority to amend, change, or modify the judgment." That, we think, is a correct statement of the law, but it has no application to this case. It clearly appears from the record that a judgment was actually rendered by Weiss in a case in which he had jurisdiction; and the judgment, if erroneous, can only be corrected by a direct proceeding for that purpose. If the judgment was not actually entered upon the docket within the time prescribed by law, that fact may be made to appear, and, if a material error has been committed, the court in a direct proceeding for that purpose will correct it. But courts of equity do not interfere with judgments at law, unless it is made to appear that the plaintiff has a valid defense which he was unable to avail himself of by fraud, accident, or circumstances beyond his control. *Horn v. Queen*, 4 Neb., 108: *Hendrickson v. Hinckley*, 17 How., 443. The facts in this case do not authorize the interposition of a court of equity, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.