FLORENCE PROCTOR AND JOHN HUNTER, PLAINTIFFS.
IN ERROR, V. SYLVESTER L. PETTITT, DEFENDANT
IN ERROR.

1.  Justice of Peace: TRIAL: INJUNCTION. Where an action
    was commenced before a justice of the peace, who, at the
    time of the commencement of the suit, designated a time for
    trial, but when, upon issuing the summons, he designated an
    earlier time, of which the plaintiff had no notice until after
    a judgment had been rendered against her, such judgment, if
    valid, must be corrected by a direct proceeding for that pur-
    pose, and will not be enjoined upon that ground alone.
2.  Injunction.  A court of equity will not enjoin a judgment at
    law on behalf of a plaintiff against whom the judgment had
    been rendered, unless it appears that he has a valid cause of
    action, which, by reason of fraud, accident, or circumstance;
    beyond his control, he was unable to be present, and that he had
    no remedy at law, by direct proceedings, to correct the error of
    the justice of the peace.

ERROR to the district court for Douglas county.   Tried
below before WAKELEY, J.

*Warren Switzler*, for plaintiffs in error, cited:   *Voorhees v.*
*Bank*, 10 Pet., 474.   *Bowler v. Huston*, 32 Am. Rep., 679.
*Sanders v. Hall*, 15 Pac. R., 197.   Freeman Judgments,
Sec. 281.   *County of Buena Vista v. R. R.*, 49 Iowa, 657.
*Gregory v. Bovier*, 19 Pac. R., 232.

*Estabrook & Irvine*, for defendant in error, cited:  *Heiser*
*v. New York*, 9 N. E. Rep., 866.   *Crandall v. Bacon*, 20
Wis., 639.   *Gould v. Loughran*, 19 Neb., 392.

REESE, CH. J.

It appears from the record in this case that defendant
in error, having a judgment against Herman A. Proc-
tor, the husband of plaintiff in error, in the county court,

of Douglas county, caused an execution to issue thereon and to be levied upon certain property, which was claimed by plaintiffs in error. She accordingly commenced an action of replevin before a justice of the peace for possession thereof. It is alleged in the petition in this case that she procured an attorney; that the papers necessary for the institution of an action were prepared, executed, and delivered to the justice of the peace, and that the "said justice of the peace then and there set said cause for hearing at the hour of two o'clock in the afternoon" of the 5th day of November, 1884, when the case would be tried, unless adjourned; that he made a minute of the same in writing, giving said information to plaintiff and her attorney, who accompanied her; that this announcement having been made by the justice of the peace, and fully understood by them, they left his court room and did not return until the time set for trial, when she appeared with her witnesses and counsel; that they were then informed by the justice of the peace that the cause had been tried in the forenoon of that day, that being the time fixed in the summons; that the cause was tried and the judgment rendered in the absence of plaintiff and her counsel, with no fault or negligence on their part, but through the mistake or wrongful act of the justice of the peace, in changing the hour of trial from two o'clock in the afternoon to nine o'clock in the forenoon, without notifying her or her attorney of such change; that when she and her counsel ascertained that the judgment had been rendered, her counsel filed at once a motion to set the same aside, giving as the reason therefor the facts hereinbefore stated; that on that day the justice of the peace sustained the motion, and conditionally vacated the judgment and set the case for hearing on the 15th day of November of the same year, due notice of which was given to the defendant in the action; that at the time designated for final action on the motion to vacate the judgment, the defendants in the case appeared specially, by

their attorneys, and objected to the proceedings of the court, but cross-examined plaintiff's witnesses, as announced by them at the time, as the friends of the court; that upon the second trial a judgment was rendered in favor of the plaintiff; that that judgment had never been appealed from, annulled, or set aside, and was still in full force; that at the time of the commencement of that action she executed and delivered to the constable a replevin bond, in the usual form, in the sum of $200; that defendant has instituted a suit at law in the county court of Douglas county on said bond against her surety, but that, by reason of the want of equity power and jurisdiction in the county court, she would not be able to prosecute her defense, and unless relieved from the judgment rendered by the justice of the peace on the 5th day of November, by the district court, sitting as a court of equity, she would be remediless, and suffer irreparable loss and damage.

The prayer of the petition is for a restraining order prohibiting Pettitt from further prosecuting the cause in the county court, and from asserting and attempting to assert the judgment procured by him on the 5th day of November, and for leave to assert and prove in the district court her title to the property, in a new trial to be granted.

To this petition a general demurrer was filed by defendant, which was sustained, and the cause dismissed. She prosecutes error to this court.

It appears that the first judgment rendered by the justice of the peace was vacated, under the provisions of section 1001 of the civil code, the justice apparently overlooking the fact that this section was only for the benefit of a defendant against whom a judgment had been rendered in his absence.

It is an elementary principle that courts of equity will not take jurisdiction of causes where the plaintiff has a complete remedy at law, even though the party complaining may not have availed himself of that remedy, and by

laches deprived himself of it. There is no doubt but that had plaintiff so desired, she could have appealed from the judgment which was rendered in her absence. It is probable, also, that proceedings in error might have been resorted to, even though the error of the justice did not appear of record. If the judgment of November 5th was void for want of jurisdiction, that fact can be pleaded as a defense to a suit upon the replevin bond. The decision of the district court was therefore correct. *Heiser v. City of New York*, 9 N. E. Rep., 866. *Crandall v. Bacon*, 20 Wis., 639. *Gould v. Loughran*, 19 Neb., 392.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.