GEORGE W. LININGER ET AL. V. JOHN P. GLENN ET AL.

[FILED OCTOBER 14, 1891.]

Executions: INJUNCTION DENIED. A petition in equity alleged that the plaintiffs therein commenced an action against J. P. G., constable, to recover possession of specific chattel property before a justice of the peace; that thereafter, by stipulation between the parties to said action, the same was continued "until the case of *G. W. L. et al. v. N. H., Sheriff*, then pending in the district court, should be finally determined, and it was

further stipulated that the said justice of the peace should then render judgment in said cause in accordance with the judgment of the district court in said cause of *G. W. L. et al. v. N. H.;* that thereafter the said justice of the peace, unlawfully and without jurisdiction, or any notice to plaintiffs, rendered a judgment in said cause in favor of defendant therein, J. P. G., and against the plaintiffs for a return of said property or for the value thereof, assessed at $164.25, and costs $12.15; that the said cause of *G. W. L. et al. v. N. H.* was tried in the district court, with judgment for the defendant, but which judgment was afterwards reversed upon error in the supreme court; that a transcript of said judgment rendered by the justice of the peace was filed in the district court of G. county and entered upon the records of said court, and execution was issued thereon directed to the defendant W. C., sheriff of D. county; that said sheriff then had said execution and threatened to levy on the property of the plaintiffs to satisfy the same, with prayer for injunction, etc.  On error for the sustaining of a demurrer to the petition, *held*, that the petition does not state facts sufficient to constitute a cause of action.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Hazlett & Bates,* for plaintiffs in error, cited: *Sioux City & P. R. Co. v. Washington Co.,* 3 Neb., 41; *Robinson v. Mathwick,* 5 Id., 255; *Williams v. Holmes,* 2 Wis., 144; *Doody v. Vaughn,* 7 Neb., 31; *Nichol v. Patterson,* 4 O., 200; *Harper v. Albee,* 10 Ia., 389; *Fox v. Meacham,* 6 Neb., 531.

*Burke & Prout, contra,* cited: *Williams v. Lowe,* 4 Neb., 396; *Holmes v. Irwin,* 17 Id., 99; *Gould v. Loughran,* 19 Id., 392; *Horn v. Queen,* 4 Id., 108; *Hendrickson v. Hinckley,* 17 How. [U. S.], 443.

COBB, CH. J.

I adopt the statement of the case from the brief of counsel for plaintiffs in error.

This was an action brought in the district court of Gage county, by plaintiffs against defendants, to enjoin the collec-

tion of a judgment rendered by H. G. Mechling, a justice of the peace of Gage county, in favor of the defendant John P. Glenn, and against plaintiffs, and to enjoin the levy of an execution issued on said judgment in the hands of the defendant Coburn, sheriff of Douglas county.

The petition and supplemental petition allege that on the 20th day of February, A. D. 1883, the plaintiffs commenced an action against the defendant John P. Glenn, constable, to recover possession of certain specific personal property, before H. G. Mechling, a justice of the peace; that thereafter it was stipulated by the parties to said action of plaintiffs v. Glenn that said cause should be continued by said justice until the case of George W. Lininger and Elizabeth Lininger v. N. Herron, sheriff of Gage county, Nebraska, then pending in the district court of said county, should be finally determined, and that said defendant H. G. Mechling, justice of the peace, render judgment in said cause in accordance with the judgment in the district court in said cause of plaintiffs v. N. Herron, sheriff; and thereupon said cause was continued upon said stipulation; that thereafter, on the 17th day of December, 1886, the defendant H. G. Mechling, justice of the peace, unlawfully and without jurisdiction, and without any notice to plaintiffs, rendered a pretended judgment in said cause in favor of the defendant John P. Glenn, constable, and against the plaintiffs George W. and Elizabeth Lininger, for the return of said property or for the value thereof, assessed at $164.25, and costs $12.15.

That the said cause of George W. Lininger and Elizabeth Lininger v. N. Herron, mentioned in said stipulation, was a case brought in the district court in replevin; that upon the trial of said action in the district court a verdict and judgment were rendered in favor of the defendant sheriff; that plaintiffs prosecuted a writ of error to the supreme court, and on November 25, 1885, the supreme court reversed said judgment of the district court and

remanded said cause to said court for further proceedings; that upon the second trial of said cause, said district court again found the issues in said case in favor of the defendant; that thereafter said cause of G. W. and Elizabeth Lininger was again taken to the supreme court on error by plaintiffs, and the judgment of said district court again reversed and said cause remanded to said court for further proceedings, in which said district court said cause is still pending and undetermined.

That on or about the 12th day of August, A. D. 1887, a transcript of said pretended judgment rendered by said justice of the peace in the case of George W. and Elizabeth Lininger v. John P. Glenn was filed in the district court of Gage county and entered on the records of said court, and on August 15, 1887, an execution directed to the defendant Wm. Coburn, sheriff of Douglas county, Nebraska, was issued on the same; that said sheriff now has said execution and threatens to levy on the property of these plaintiffs to satisfy the same, etc.

That said defendant H. G. Mechling, justice of the peace, had no authority or jurisdiction to render a judgment in said cause of G. W. and Elizabeth Lininger v. John P. Glenn, and that said pretended judgment rendered by him is absolutely void and of no force and effect.

Prayer for temporary injunction restraining issue and levy of execution on said pretended judgment, and on final hearing that the injunction be made perpetual and that said pretended judgment may be declared null and void and of no force and effect, etc.

A transcript of the proceedings of the justice in the case of *Lininger v. Glenn* was attached to the petition as an exhibit.

On September 26, 1887, the court granted a temporary restraining order under their petition as prayed.

On October 27, 1887, the defendant Coburn, sheriff, filed a separate demurrer to this petition on the following grounds:

Lininger v. Glenn.

First—That the court had no jurisdiction to issue an order of injunction against this defendant in his official capacity as sheriff of Douglas county.

Second—That the court has no jurisdiction over the person of the defendant.

Third—That the court has no jurisdiction over the subject-matter of the action.

Fourth—That the petition fails to state a cause of action.

The court overruled the demurrer as to the first, second, and third grounds, and sustained the same as to the fourth ground.

The defendants Mechling and Saunders filed a demurrer to the petition on the following grounds:

First—That the court has no jurisdiction of the subject-matter of the action.

Second—That the petition does not state facts sufficient to constitute a cause of action.

Third—That said petition does not state facts sufficient upon which to issue an order of injunction.

The court sustained this demurrer. To which rulings sustaining said demurrers the plaintiffs excepted.

The plaintiffs not desiring to plead further, the court entered judgment dismissing said action at plaintiffs' costs, and to reverse which rulings and judgment the plaintiffs bring the cause to this court by petition in error.

The sole ground for injunction or relief set up in the petition is that the justice of the peace had not jurisdiction to render the judgment sought to be enjoined, at the time it was rendered. It is not stated in the petition nor is it contended by counsel for plaintiffs in error that the justice had not at one time jurisdiction of the subject-matter involved in, as well as of the parties to, the suit. Therefore, if he lost jurisdiction of the case by adjourning it to an uncertain and unknown time, which I think it must be conceded that he did, the case is within the law of that of *Gould v.*

*Loughran,* 19 Neb., 392, cited by counsel for defendant in error.   In that case it was held that such judgment could only be corrected by a direct proceeding for that purpose, and not by injunction.

Again, it is not alleged in the petition that the said judgment was unjust, nor that the defendants therein, plaintiffs in the injunction case and plaintiffs in error here, were the owners of the property involved in the replevin case.   Neither is it alleged in the petition that the plaintiffs therein were without an adequate remedy at law for any wrong suffered or threatened; nor that either fraud, accident, mistake, or circumstances beyond their control had intervened to deprive them of any right or remedy. Neither is it alleged that either of the defendants are insolvent.   The case is therefore quite within the law as laid down by the supreme court of the United States in *Hendrickson v. Hinckley,* 17 How. [U. S.], 442.   Also cited by counsel for defendants in error, where Mr. Justice Curtis said : "A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, because it did not amount to a legal defense or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents."

I do not think that the petition states facts sufficient to constitute a cause of action.   The demurrers were therefore rightly sustained.

The judgment of the district court is affirmed and the cause dismissed.

JUDGMENT ACCORDINGLY.

MAXWELL, J., concurs.

NORVAL, J., did not sit.