(January 5, 1907.)

# WILLIAM VANE and MARY VANE, Respondents, v. GEORGE H. JONES, Appellant.

[88 Pac. 1058.]

JUDGMENT—MOTION TO VACATE.

1. *Held,* that the motion supported by affidavit is too late, and is not sufficient to warrant the vacating and setting aside of the judgment and order entered by the trial court.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Hon. Ralph T. Morgan, Judge.

Motion supported by affidavit to vacate and set aside a judgment. Motion denied from which an appeal is perfected. *Judgment and order affirmed.*

R. L. Edmiston and Thos. H. Wilson and Wm. T. Birdsall, for Appellant.

The affirmance of the original judgment by default in this court and the similar decisions in the case of *Jones v. Vane,* brought to set aside that judgment, to the effect that the plaintiff had not shown sufficient equities to entitle him to the relief, was not a decision of any of the questions involved in that appeal, and we are justified in reason, by precedent and by authority, in claiming that the questions come before this court now as original questions for determination.

Says Van Cleif, C., in *Pioneer Land Co. v. Maddux,* 109 Cal. 633, 642, 50 Am. St. Rep. 67, 73, 42 Pac. 295, quoting with approval from *Wilson v. Montgomery,* 14 Smedes & M. 205-207: "The affirmance of a void judgment on appeal, upon grounds not touching, but overlooking, its invalidity, did not make it valid." (*Gille v. Emmons,* 58 Kan. 118, 62 Am. St.

Rep. 609, 48 Pac. 569; *Furman v. Furman,* 153 N. Y. 309, 60 Am. St. Rep. 629, 47 N. E. 577, and notes to case.)

We now urge that the entering of this judgment and the sustaining of this judgment, in view of the questions involved and the facts, is not due process of law within the meaning of the federal constitution.

Section 4229, Revised Statutes, has no application here, as we are not seeking relief on grounds of "mistake, inadvertence, surprise or excusable neglect," but upon the broad ground that there is no judgment, except in form; and we are asking the removal of this form, that has no substance, power or virtue, from the records of the court, because the trial court had no power or jurisdiction over the subject matter. (*People v. Greene* 74 Cal. 400, 5 Am. St. Rep. 448, 16 Pac. 197.)

It has been frequently held that a judgment which is absolutely void may be vacated at any time, and that the right to have such judgment set aside is not lost by delay, regardless of whether or not the time for making application is limited by statute, citing many cases. (17 Am. & Eng. Ency. of Law, 2d ed., 825, 842; Black on Judgments, 2d ed., sec. 807; *People v. Temple,* 103 Cal. 447, 37 Pac. 414.)

Chas. L. Heitman, for Respondents.

The contention of appellant that there was a defect of parties in said former action, in that the state of Idaho was not represented, even if well founded, comes too late, as the objection should have been made by demurrer to the amended complaint. (Rev. Stats., sec. 4174, subd. 4.) Respondents contend that the entire matter has been adjudicated and finally determined, and that the district court's decision, affirmed by this supreme court, is the settled law of the case.

A judgment is conclusive upon all questions involved in the action and upon which it depends, and upon matters which, under the issues, might have been litigated and decided in the case; and the presumption of law is that all such issues were actually heard and decided. (*Parnell v. Hahn,* 61 Cal. 131; *McLennan v. McDonnell,* 78 Cal. 275, 20 Pac. 566;

*Benson v. Shotwell,* 87 Cal. 49, 25 Pac. 249; *Hardy v. Hardy,* 97 Cal. 125, 31 Pac. 906; Freeman on Judgments, sec. 253; *Lillis v. Emigrant Co.,* 95 Cal. 553, 30 Pac. 1108; *Wolverton v. Baker,* 98 Cal. 631, 33 Pac. 731; *Howell v. Budd,* 91 Cal. 342, 27 Pac. 745; *Burris v. Kennedy,* 108 Cal. 338, 41 Pac. 458; *Estate of Hudson,* 63 Cal. 457.)

This question was not only litigated on the trial in the district court, but was sought to be reopened and relitigated by appellant in his action brought for the direct purpose of vacating and setting aside said judgment, which contention was decided against appellant by this court in its decision rendered in the case of *Jones v. Vane,* 11 Idaho, 353, 82 Pac. 110, in which the court held as follows: "The appellant has had his day in court, and the judgment entered against him has become final, and is the law in all subsequent proceedings between the same parties in reference to the same subject matter." Even were this court of the opinion that this judgment had been erroneously rendered, it would still be *res adjudicata,* a bar to the appellant, and a protection to the respondents. (*Case v. Beauregard,* 101 U. S. 692, 25 L. ed. 1004; 9 Notes on U. S. Rep. 1016, citing cases; *Klauber v. Car. Co.,* 98 Cal. 105, 32 Pac. 876.)

The dismissal of the appeal in the first instance for failure to file transcript, as was the case in this cause, is a bar to another appeal, unless such dismissal was made without prejudice to a second appeal, in this case. (*Fahey v. Belcher,* 3 Idaho, 644, 32 Pac. 1135.)

This court has no power to review its decisions, except upon petition for rehearing properly presented within the time prescribed by the rule of this court. After the expiration of that time, a judgment becomes finally binding and conclusive. , (*Skillern's Exrs. v. May's Exrs.,* 6 Cranch, 267, 3 L. ed. 220; *Martin v. Hunter's Lessee,* 1 Wheat. 304, 4 L. ed. 27; *Durant v. Essex Co.,* 101 U. S. 555, 25 L. ed. 961; *State v. Waupaca Co. Bk.,* 20 Wis. 641; *Flournoy v. Bullock,* 11 N. Mex. 87, 66 Pac. 547, 55 L. R. A. 745; *Dye v. Crary* (N. Mex.), 85 Pac. 1038; 3 Century Digest, secs. 4358-4368; *Phelan v. San Francisco,* 20 Cal. 39.)

STOCKSLAGER, C. J.—For the early history of this litigation, see *Jones et al. v. Vane et al.*, 11 Idaho, 353, 82 Pac. 110. From that judgment appellant Jones sued out a writ of error to the supreme court of the United States; there the case was dismissed on motion of the Vanes on the ground that there was no federal question involved. Thereafter Jones moved in the district court to vacate and set aside the judgment. It is not shown by the record when that motion was filed or that it was ever filed. However, it is shown that on the tenth day of February, 1906, counsel for Jones served the Vanes and Chas. L. Heitman, their attorney, with notice that on the twenty-sixth day of February, 1906, the motion would be heard at the judge's chambers at Rathdrum, Idaho. The grounds for vacating and setting aside the judgment as alleged in the motion are: "1. Said judgment and decree is void, in that the court had no jurisdiction of the subject matter of the action, to wit, the lands constituting the shore and bed of the Pend d'Oreille river below high-water mark, opposite government lots 1 and 2, section 24, township 56 north, range 6, W. B. M., upon which the wharf and steamboat landing in controversy in said action is located. It appears as a matter of record, and the court must take judicial notice of the fact, that the fee of the lands referred to, being a part of the shore and bed of a large interstate, navigable river, is vested in the state of Idaho, and that the plaintiffs in this action never had any interest therein; the court possessed no jurisdiction to adjudge the question of title or right of possession of said land, in that it never acquired jurisdiction over the state of Idaho, who, it appears from the record, was a necessary party to this action, and without whose presence no determination of the controversy could be had. 2. The decisions of the supreme court of the United States, as expressed in *Shively v. Bowlby*, 152 U. S. 1, 38 L. ed. 331, 14 Sup. Ct. Rep. 548, and other decisions were and are the law of the state of Idaho, and controlling upon the courts and upon this court in the matters in controversy in this action. 3. Said judgment and decree is also void, for the reason that the same

is too indefinite and uncertain for enforcement, and is incapable of execution.  4. Said judgment is also void in this: That the steamboat landing in controversy is situated in a public highway as the same comes down to, through and across the Pend d'Oreille river, all of which appears by the record herein." This motion was supported by the affidavit of Robert E. Edmiston, one of the attorneys for Jones, who testifies that the appeal from the judgment to the supreme court was dismissed for want of prosecution, and that the failure to prosecute was the fault of the attorney who was then acting as the attorney for the defendant, and without any fault or neglect on the part of defendant; that by operation of the statute such dismissal had the effect of an affirmance of the judgment; that the matter in controversy herein has never passed the judgment of the supreme court; that after such dismissal deponent was retained as attorney for defendant and made an application to the supreme court to vacate said dismissal, and the application was denied upon the ground that it was too late.  Thereafter deponent, on behalf of said defendant, commenced an action in this court to vacate said judgment, and the complaint was dismissed upon the ground of former judgment in bar—being the judgment referred to in the annexed motion; that said judgment was affirmed by the supreme court upon the ground that the complaint did not set forth facts sufficient to constitute a cause of action; that the state of Idaho intervened in that motion with a view of protecting its license to defendant of the shore lands as well as its ownership of the fee of the lands below high-water mark, abutting the lots referred to in said motion.

It is next stated that deponent has read the pleadings, findings and conclusions herein, but fails to see that the court's attention was specially directed either to the question of the ownership of the state of Idaho and the efficiency of defendant's license as against all other persons, or the question as to the pier in controversy, being a public highway or the con-

tinuance thereof. This motion was overruled and denied and the appeal is from such order.

It will be seen by the foregoing statement of facts, read in connection with the statement in the opinion in 82 Pac. 110, that the case had been in the courts in some form since May 11, 1903, when the first judgment was rendered and entered, commanding Jones to remove a certain wharf in the Pend d'Oreille river. Learned counsel for the respective parties to this somewhat complicated and important litigation have provided us with extensive briefs bearing on every question urged for our consideration. After a review of all the facts disclosed by the record, and some of which we must take judicial knowledge, and an inspection of the authorities to which our attention has been called, we think the important and controlling question is: Has this court the authority at this time to grant the relief demanded by Jones? Or had the district court the power to grant the relief demanded by the motion? The only statutory authority to which our attention has been called giving the court—meaning the district court—authority to relieve a party from a judgment, is found in section 4229 of the Revised Statutes of 1887. It is as follows: "The court may likewise, in its discretion, after notice to the adverse party, . . . . relieve a party or his legal representatives from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court or the judge thereof, in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term." It seems from this section that the court may exercise its discretion to a limited extent in granting relief to an aggrieved party, and relieve him from a judgment taken against him under prescribed conditions, but there is no discretion or power in the court to lend its aid after the expiration of six months af-

ter the adjournment of the term. It cannot be seriously contended that appellant is entitled to relief under this section. The court had jurisdiction of both the person and subject matter, and therefore any relief under section 4229, *supra,* sought from the judgment should be applied for within the statutory time. On the other hand, that section would not apply if the court had acted without jurisdiction and such fact appeared from the judgment-roll. (*Kerns v. Morgan,* 11 Idaho. 572, 83 Pac. 954.) Learned counsel for appellant earnestly insist that ''the court was utterly without jurisdiction to adjudge the respondents as having any interest, either in said space called 'dock,' and especially in so much thereof as abutted the streets and the triangular space which the court held was dedicated to the public, or to the triangular space, or either of the highways referred to in findings 4 and 6.''

It is further urged that the ''state of Idaho is the owner of the land lying below average high-water mark and of the lands under the Pend d'Oreille river''; also that the ''judgment herein is void for uncertainty.'' On the other hand, counsel for respondent with equal earnestness insists that the court had jurisdiction of the subject matter of the action, and cites section 20, article 5 of the constitution of this state in support of his contention, which provides: ''The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law.'' Again, he insists that if there was a defect of parties in said former action, in that the state of Idaho was not represented, even if well founded, comes too late, as the objection should have been made by demurrer to the amended complaint as provided in section 4174 of the Revised Statutes, and cites subdivision 4 of said section, which with the first sentence of said section is as follows: ''The defendant may demur to the complaint within the time required in the summons to answer, when it appears on the face thereof, either . . . . (subdivision 4) That there is a defect or misjoinder of parties, plaintiff or defendant.''

Again counsel for respondents insists that the questions now sought to be litigated by this motion were not only litigated

by the trial in the district court, but were sought to be re-opened and relitigated by appellant in his action brought for the direct purpose of vacating and setting aside said judgment, which contention was decided against appellant by this court in its decision rendered in the case of *Jones v. Vane*, reported in 11 Idaho, and 82 Pac., *supra*. In that opinion it is said: "The complaint fails to state a cause of action sufficient to warrant the vacating and setting aside of a judgment entered by the trial court or a modification of it." The court in that case further said: "The appellant has had his day in court, and the judgment entered against him has become final and is the law in all subsequent proceedings between the same parties in reference to the same subject matter."

Counsel for appellant insists that the district court was "without jurisdiction of the subject matter of this action, to wit, lands constituting the shores and bed of the Pend d'Oreille river below high-water mark." In our view of this case this question cannot be litigated in this proceeding. Appellant had his day in court to raise all those questions by demurrer or motion at the proper times, and as said in the case of *Jones v. Vane, supra*, "appellant has had his day in court," and we see no way, in law or equity, to relieve him in this proceeding. It matters not what injustice, if any, may have been done him; the law prescribes a time and conditions under which he may secure aid in equity; if he does not move within the statutory time, the courts are powerless to relieve him. The judgment is affirmed, with costs to the respondents.

Ailshie, J., concurs.

Sullivan, J., dissents.